Eatxlu, J.
 

 "We concur in the opinion expressed by his Honor in the Court below, upon the facts agreed. The contract executed under the hands and seals of Jordan and Stephenson, had the effect to make the former the owner of the houses, machinery and other fixtures of the mill erected by him on the land of the latter, and also to give him an ease*
 
 *106
 
 merit in the said land immediately around the mill, so far as the same was necessary, for the business of sawing lumber. The quantity of estate or interest, which Jordan thus acquired in the mill and land, was, certainly not a mere estate at will, because Stephenson had no right to put an end to it at pleasure, nor was it a lease for years for the want of certain ty, Or of any thing that could be reduced to a certainty in the time. It was, therefore, an estate for at least the life of Jordan, with a condition annexed, to be void as to the land, upon his abandoning the milling business and taking off the houses and fixtures, as by the contract, he was authorised to do. Such an interest could not be sold under an execution from a justice, without a return of the levy by the constable to Court, an order of sale therein made, and a sale 'by the sheriff under such order ; see Revised Code, chap. 62, secs.. 16 and 1J. It follows that the levy and sale by the constable was void.
 

 There can be no doubt of the propriety of the remedy by ejectment. It is settled that even the upper chambers of a house may be held separately from the soil on which it stands, and that an action of ejectment will lie to recover it; 4 Kent’s Com. 401, Note
 
 e,; Gilliam
 
 v. Bird, 8 Ired. 280.
 

 Pee, CuexaM, Judgment affirmed.