Jasper F. McClusky v. Mack Trussel et al.

[44 South., 69.]

Mortgages. *Deeds of trust. Foreclosure sale. Constitution* 1890, sec. 111; *Code* 1892, § 2443. *Bulk sales.*

The lump sale under a mortgage or deed of trust of a four hundred acre tract of land is void if made in violation of Constitution 1890, sec. 111, providing for the sale of lands, under decrees and executions in subdivisions not exceeding one hundred and sixty acres, as extended to sales under mortgages and deeds of trust by Code 1892, § 2443.

From the chancery court of Calhoon county.

Hon. Julian C. Wilson, chancellor.

McClusky, appellant, was complainant in the court below; Trussel and others, appellees, were defendants there. From a final decree in defendants' favor the complainant appealed to the supreme court.

The complainant sought by his suit to set aside a sale of the land in controversy made by one Shaw, substituted trustee, in satisfaction of a trust deed executed by complainant's grantor to secure an indebtedness due to one Franks. Complainant alleged that the land, which comprised in all four hundred acres, was sold in bulk, and not in one hundred and sixty acre tracts, as required by Code 1892, § 2443, extending

the terms of Constitution 1890, sec. 111, to sales under mortgages and deeds of trust. Defendants relied on possession of the property since the date of sale (February, 1895), more than ten years before the filing of the bill (August, 1905); but the testimony as to possession was quite conflicting and, as will be seen from the opinion, the weight of the evidence was against the defense.

*Mayes & Longstreet,* for appellant.

The land was not sold in the manner prescribed by § 2443, Code 1892, for the sale of lands sold under deeds of trust. This section reads as follows:

"All lands comprising a single tract and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section 111 of the constitution for the sale of land and pursuant to a decree of court under execution."

Section 111 of the constitution reads as follows:—

"All lands comprising a single tract sold in pursuance of a decree of court or execution, shall be first offered in subdivisions not exceeding one hundred and sixty acres or one quarter section, and then offered in entirety, and the price bid for the latter shall control only when it shall exceed the aggregate of the bid for the same in subdivisions as aforesaid; but the chancery court, in cases before it, may decree otherwise if deemed advisable to do so."

The testimony shows that the lands in question compose one tract which was used by McClusky as a pasture. Weir and Trussell, one of the executors, testify that the land was sold in a lump by Shaw to Spencer, upon first bid, and that Spencer was acting for the Franks estate.

Now it is plain that in order for this sale to have been legal the land must have been offered at the sale in subdivisions which clearly it was not, since the land was bought in a lump and on first bid.

*Cowles Horton,* for appellees.

No one testified that the sale was not made in subdivisions of one hundred and sixty acres, although Trussell testified that there was but one bid. About this, he was not positive, and we cannot presume that the sale was illegally made; on the other hand, the converse is the presumption. Brame & Alex. Digest, 825.

Argued orally by *Lucius L. Mayes,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The sale was manifestly void, because not made (Code 1892, § 2443) in conformity with the provisions of section 111 of the Constitution of 1890. W. W. Trussell testified: "Mr. J. B. Spencer bid the land off on first bid for the Frank estate. . . . Mr. Shaw sold the whole four hundred-tract in a lump." Volney Weir testified: "The land was sold in a lump on the first bid." The overwhelming weight of the testimony is to the effect, so far as the statute of limitations is concerned, that the purchaser did not enter into possession at the sale, nor within any time which would bar this action. The bill was filed August 30, 1905. The clear preponderance of the evidence—its overwhelming weight, indeed—is to the effect that the appellees and those under whom they claim did not have possession of the land until some time in the year 1896.

*The decree is reversed and the cause remanded, in accordance with this opinion.*