TAMPA AND JACKSONVILLE RAILWAY COMPANY, A COR-
   PORATION, *Appellant*, V. PARK TRAMMELL, GOVER-
   NOR, AND OTHERS, CONSTITUTING THE BOARD OF
   TRUSTEES OF THE INTERNAL IMPROVEMENT FUND,
   *Appellees.*
                  Opinion filed Nov. 19, 1915.

A *bona fide* assertion of a claim for land lying in any county gives
      the Circuit Court sitting in that county, jurisdiction independ-
      ent of the resdence of the defendant, even though the claim
      embraces lands lying in other counties.

Appeal from Circuit Court, DeSoto County; F. A. Whitney, Judge.

Order sustaining plea reversed.

*A. F. Odlin* and *N. B. K. Pettingill,* for Appellant;

*T. F. West,* Attorney General, for Appellees.

COCKRELL, J.—The Railway Company filed its bill to compel the Trustees of the Internal Improvement Fund to convey to it about 250,000 acres of land in the Fund, alleged to be due under a Legislative grant. These lands are described by section, township and range, in the counties of Dade, Palm Beach, St. Lucie, Monroe, Osceola, Lee and DeSoto. Other relief was also prayed.

The Trustees filed their plea, setting up the personal privilege of being sued in Leon County, the county of their residence. Omitting formal parts, the plea reads: "That they and each of them reside and have their domicile and place of residence in Tallahassee, in the county of Leon, in said State of Florida; that the cause of action set forth and described in said Bill of Complaint did not accrue in the County of DeSoto, nor is the property involved in said litigation located in DeSoto County; that there is no specific or certain described area of land involved in said litigation, but the queston of the complainant's right to a conveyance from these defendants to a small undefined and undetermined portion of said large area situated and located in various counties in the State of Florida is the only matter involved in said suit, and these defendants have the right and claim the privi-

lege of having said action brought in the county of Leon, in the State of Florida, where they reside, and where the cause of action, if any, accrued."

Upon argument the plea was sustained and an appeal taken from the ruling.

We think the court erred in so ruling. Under General Statutes, section 1383, a suit may be brought in the county "where the property in litigation is." The complainant claims that it is entitled under the grant to a quarter million acres of land, out of the fund, lying nearest its line of railroad; it gives a list of land alleged to belong to the fund, comprising about one and a half million acres, but says "that the lands in said list which are nearest the said line of railroad of your orator are those located within the limits of said county of DeSoto." The list includes something over thirty thousand acres in that county.

The cited section of the General Statutes does not affect the jurisdiction of the court, but confers a personal privilege upon residents of being sued in their home county unless the cause of action arose or the property in litigation lies in the county selected as the forum by the plaintiff or complainant. We do not understand the statute to drive the complainant to the resident county of the defendant, if the land sued for lies in more than one county, but that a bona fide claim for land in any county gives the court for that county the absolute right and the correlative duty to entertain the suit.

We are not concerned now with the degree of nicety of pleading requisite to pleas in equity of this character; nor do we undertake to pass upon the validity of the complainant's claim to this land under the legislative grant;

we only decide that the Circuit Court for DeSoto county should entertain the suit.

The order sustaining the plea is reversed, with directions to overrule the plea and to entertain the cause.

TAYLOR, C. J. and SHACKLEFORD and WHITFIELD, JJ., concur.

ELLIS, J., disqualified.