H. W. WALTERS, *Plaintiff in Error*, v. J. S. SHEFFIELD, *Defendant in Error.*

Opinion filed April 5, 1918.

1.  Where in a deed of conveyance of land the grantors "re-
    served unto themselves and from, the operation of the deed,
    all the timber of any kind and nature, standing on said
    land," the grantee takes no title to the timber standing on
    the land; and where the deed of conveyance·or the attending
    circumstances do not indicate a purpose to. remove the stand-
    ing timber from the land, the owner thereof does not lose
    title thereto by mere failure to remove the standing timber.

2.  Ejectment is an appropriate remedy·to recover the possession
    of standing timber by the person entitled to its possession.

Writ of Error to Circuit Court for Taylor County, M. F. Horn, Judge.

Judgment affirmed.

*Davis & Diamond,* for Plaintiff in Error;

*Wm. T. Hendry,* for Defendant in Error.

WHITFIELD, J.—The declaration herein, filed April 7, 1916, is as follows: "Comes now J. S. Sheffield, by W. T. Hendry, his attorney, and sues H. W. Walters in an action of ejectment, because the defendant is claiming adversely all the timber of any kind and nature standing on the east half of the northeast quarter of section twelve (12), in township three (3), south of range five (5) east, containing eighty acres, more or less, and situate, lying and being in Taylor county, Florida.

"And the defendant has received the profits of said timber since the first day of January, 1915, of the yearly value of twenty-five dollars, which defendant refuses to pay to the plaintiff, and plaintiff alleges further that the defendant has cut and destroyed trees and timber standing and being on said land to the damage of plaintiff.

"Wherefore, plaintiff sues and claims two hundred dollars."

Defendant demurred on the grounds that:

"1st. Ejectment will not lie under the laws of the State of Florida for timber, against one in possession of the land.

"2nd. Ejectment for timber, where the said timber is claimed by two different parties, is not the proper remedy.

"3rd. Ejectment will not lie for the timber upon land."

This demurrer was overruled and the defendant pleaded not guilty. At the trial the court directed a verdict for the plaintiff. The verdict and judgment rendered thereon are as follows:

"This cause came on this day to be further heard, and the plaintiff praying judgment upon the verdict rendered herein this term of the court on the 26th day of September, A. D. 1916, as follows, to-wit:

Perry, Fla., September 26th, 1916.

"We, the jury, find for the plaintiff and find that the fee simple title to the timber described in the declaration, to-wit: All the timber of every kind and nature standing on the tract of land, to-wit: East half (E 1-2) of northeast quarter (N. E. 1-4) Section twelve (12), township three (3) south, range five (5) east, in Taylor county, Florida, on the 25th day of November, A. D. 1909, is and was at the institution of this suit in the plaintiff, and further that the plaintiff was entitled to the immediate possession of said timber at the institution of this suit, and is entitled to recover the same from the defendant, so say we all.

William J. Mixon,

Foreman.

"Thereupon, it is considered, ordered and adjudged that the plaintiff, J. S. Sheffield, is and was at the institution of this action the owner in fee simple and entitled to the possession of all the timber of any kind and nature standing on the east half of northeast quarter of section (12) in township three (3) south, of range five (5) east, containing eighty (80) acres, more or less, situate, lying and being in Taylor county, Florida, on the 25th day of November, A. D. 1909.

"And further that the plaintiff recover of and from the defendant, the possession of said timber and that he have his writ of *habere facias possessionem* issued hereupon; and it is further ordered that the plaintiff do have and recover of and from the defendant his cost in this behalf expended, as taxed by the Clerk of this court at ................................................Dollars and................................cents.

"Considered, ordered and adjudged in open court, this the 26th day of September, A. D. 1916. M. F. Horne, Judge."

Defendant took writ of error.

The plaintiff obtained a patent for the land from the United States, and on August 11, 1905, the patentee J. S. Sheffield and his wife conveyed to G. R. Battle "all that certain parcel of timber lying and being in the County of Taylor, and State of Florida, and more particularly described as follows: The east half (1-2) of northeast quarter of section twelve, township three (3) south of range five (5) east, containing eighty acres, more or less. This deed is to include all the timber from 12 inches up at stump for sawmill purposes and all timber for turpentine purposes on the above described land, and privilege of tramways, etc., for purpose of working said timber, and same is to be in force for the term of ten years from date."

On November 25, 1909, J. S. Sheffield and his wife conveyed to Joseph Sheffield in fee simple "all that certain parcel of land lying and being in the County of Taylor and State of Florida, and more particularly described as follows: The east half of the northeast quarter of section twelve (12) in township three (3) south, range five (5) east, containing eighty (80) acres, more or less...........The said parties of the first part reserves unto themselves, and from the operation of this

deed, all the timber of any kind and nature, standing on said land, together with all the tenements, heriditaments, and appurtenances, with every privilege, right, title, interest and estate, dower and right of dower, reversion, remainder, and easement thereto belonging or in anywise appertaining: TO HAVE AND TO HOLD the same in fee simple, forever."

Joseph Sheffield conveyed on May 23, 1910, to Henry B. Sheffield.

Henry B. Sheffield and wife conveyed on January 30th, 1911, to W. H. Chester. On October 18, 1912, W. H. Chester and wife conveyed to W. H. Walters, the defendants herein, in each conveyance the description and reservation or exception being "all that certain parcel of land lying and being in the County of Taylor and State of Florida, and more particularly described as follows: The east half of the northeast quarter of section twelve (12) in township three (3) south of range (5) east, containing eighty (80) acres, more or less. The said parties of the first part reserve unto themselves and from the operation of this deed all the timber of any kind and nature standing on said land."

The manifest purpose of the deed from J. S. Sheffield and wife to Joseph Sheffield was to convey to the grantee all the described lands, together with all the tenements, hereditaments &c., reserving or excepting unto the grantors and from the operation of the deed "all the timber of every kind and nature standing on said land." Thus read the express reservation or exception of the standing timber is not uncertain, nor is it inconsistent with or as broad as the conveyance of the land "together with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and

estate    *    *    *    thereto belonging or in anywise apper-
taining."

The conveyance from J. S. Sheffield and wife to G. R.
Battle on August 11th, 1905, covered "all the timber
from 12 inches up at stump for saw mill purposes and
all timber for turpentine purposes on the    *    *    *
described land    *    *    *    for the term of ten years from
date."

In conveying the land on November 25th, 1909, J. S.
Sheffield and wife "reserved unto themselves and from
the operation of the deed, all the timber of any kind and
nature, standing on said land." In subsequent mesne
conveyances of the land reaching to the defendant, the
same reservation was made from the operation of the
deeds "all the timber of any kind and nature standing
on said land." The estate or interest in the timber thus
reserved in comprehensive terms remained in J. S. Shef-
field the plaintiff, and at the expiration of "the term
of ten years" from August 11th, 1905, which was the life
of the timber rights conveyed by J. S. Sheffield and wife
to G. R. Battle the plaintiff J. S. Sheffield held the title
he had reserved in his coveyance of the land to Joseph
Sheffield on November 25th, 1909, to "all the timber of
any kind and nature standing on the land;" and this
title to a freehold interest in the standing timber on
the land was then after August 11, 1915, free of the
previous interest of G. R. Battle in the timber conveyed
to him by J. S. Sheffield on August 11th, 1905. Title
to standing timber is an interest in the land. Richbourg
v. Rose, 53 Fla. 173, 44 South. Rep. 69; 17 R. C. L. 1066
*et seq.* A fee simple title to standing timber with no
obligation to remove the timber from the land is a cor-
poral hereditament.

"Where a deed contains a clause reserving certain tim-

ber to the grantor of the land without any provision as to the time of cutting, or with nothing to indicate that a severance from the realty was contemplated, it has been held that the clause constitutes more than a reservation of the right to cut and remove the timber, that the grantor has actually excepted from the provisions of the deed the timber in question, and the title thereto remains in him. The right to remove does not rest upon the notion of a license from the grantee, but is an incident to the enjoyment of the exception, is an interest in the land to that extent, and is good as against subsequent purchasers." 17 R. C. L. 1092; Wimbrow v. Morris, 118 Md. 91, 84 Atl. Rep. 238, 47 L. R. A. (N.S.) 882; Wait v. Baldwin, 60 Mich. 622, 27 N .W. Rep. 697; Bardon v. O'Brien, 140 Wis. 191, 120 N. W. Rep. 827; Hicks v. Phillips, 146 Ky. 305, 142 S. W. Rep. 394, 47 L. R. A. (N.S.) 878.

By the common law, trees are a part and parcel of the land upon which they are growing or standing, for the term "land" embraces not only the soil, but its natural production; and trees growing or standing upon land are not distinguishable in their character of real estate from the soil itself until they are actually severed from the soil. Harrell v. Miller, 35 Miss. 702, 72 Am. Dec. 154; Jones v. Flint, 10 Adol. & E. 753; McKenzie v. Shows, 70 Miss. 388, 12 South. 336, 35 Am. St. Rep. .654. By the common law also several sorts of estates or interests, joint or several, may exist in the same fee; as that one person may own the ground or soil, another the structures thereon, another the minerals beneath the surface, and still another the trees and wood growing thereon. Fox v. Peal River Lumber Co., 80 Miss. 1, 31 South. Rep. 583.

The action of ejectment will lie whenever a right of

entry exists, and the interest is of such a character that it can be held and enjoyed, and possession thereof delivered, in execution of a judgment for its recovery. The true test of the action seems to be, that the thing claimed should be a corporal hereditament; that a right of entry should exist at the time of the commencement of the action; and that the interest be visible and tangible, so that the sheriff may deliver the possession to the plaintiff in execution of the judgment of the court. Rowan v. Kelsey, 18 Barb. (N.Y.) 484; Notes to 116 Am. St. Rep. 568; 9 R. C. L. pp. 831, 833.

Ejectment lies to recover a house, (Gilliam v. Bird, 8 Iredell's Law (N.C.) 280, 49 Am. Dec. 379; Asheville Division No. 15, Sons of Temperance v. Aston, 92 N. C. 578) and to recover a fixture. Stancel v. Calvert, 60 N. C. 104.

Ejectment is an appropriate remedy to recover the possession of standing timber by the person entitled to its possession. Mt. Vernon Lumber Co. v. Shepard, 180 Ala. 148, 60 South. Rep. 825.

In Ward v. Moore, 180 Ala. 403, 61 South. Rep. 303, recovery in an action of ejectment of timber reserved in a conveyance of the land was denied, on the ground that while title to the timber had not been forfeited, yet the right of entry to remove the timber had been lost by failure to exercise the right within a reasonable time, twenty years having elapsed. Vizard v. Robinson, 181 Ala. 349, 61 South. Rep. 959. In the case at bar trial was had on the general issue alone, and neither the title nor the right of entry appears to have been forfeited.

As by the reservation or exception of all the timber standing on the land "from the operation of" the conveyance to Joseph Sheffield the title to the standing timber remained in J. S. Sheffield, and as his convey-

ance to G. R. Battle of "all the timber from 12 inches up at stump for sawmill purposes and all timber for turpentine purposes  *  *  *  for the term of ten years from" August 11, 1905, had expired by its own limitation, the title of J. S. Sheffield to all the standing timber on the land after August 11, 1915, is a freehold interest in the land, and it may be recovered in ejectment, the interest being visible and tangible and the possession being capable of delivery in the execution of a judgment for its recovery.

In Clark v. Guest, 54 Oh. St. 298, 43 N. E. Rep. 862, the grantor retained "all the saw timber suitable for lumber, except the hard maple to be cut and taken off before the first day of April, 1891." This is somewhat similar to the right acquired by G. R. Battle in this case; and it expired by its own limitations.

The demurrer to the declaration was properly overruled.

There is nothing in the conveyance from J. S. Sheffield and wife to Joseph Sheffield to sustain an implication or intendment that "all the timber of any kind or nature, standing on the land" expressly reserved or excepted from the conveyance, was to be removed from the land within a reasonable time, and there was no special plea setting up circumstances attending the conveyance and reservation of all the timber as a basis for an adjudication that the parties intended that the reserved timber should be removed from the land in a reasonable time.

Trial was had on a plea of not guilty and it was not error to exclude testimony that the defendant lived on the land with his family. The plea of not guilty puts in issue the title and admits the possession of the defendant. Sec. 1968 Gen. Stats. 1906, Compiled Laws 1914;

Petty v. Mays, 19 Fla. 652; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209.

As there was no plea setting up proper facts to show the parties to the conveyance to Joseph Sheffield intended that the reserved timber should be removed in a reasonable time, or that the reservation of timber in the deed to Joseph Sheffield was intended merely to protect J. S. Sheffield's timber lease to G. R. Battle, which was to expire by limitation in 1915, there being nothing in the deed to show such an intent, it was not error to exclude testimony as to how much of the land had timber on it, or as to whether defendant was told by his grantor when he took his conveyance that there was a timber lease on the land. If under the plea of not guilty it may be shown in a case like this that the title claimed to the standing timber on the land had been forfeited by failure to remove the timber within a reasonable time, the lapse of time under the circumstances in this case does not show a forfeiture of the timber reserved in the conveyance of the land.

As the verdict was properly rendered for the plaintiff on the evidence, the refusal to direct a verdict for the defendant was not error. The reservation or exception being of all the timber on the land and apparently without any express or implied limitations as to its use, the form of the judgment herein cannot injure the defendant.

Judgment affirmed.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.