W. M. PRESCOTT, *Plaintiffff in Error,* v. J. S. BETTS COM-
PANY, A CORPORATION, *Defendant in Error.*

Opinion Filed April 15, 1921.

1. An instrument in writing under seal purporting to convey
   all the timber of all sizes for sawmill purposes for a period
   of one year, standing and being on certain lands under
   conditions which required the payment of certain sums
   of money before the grantee should have the right to cut
   the timber standing on certain portions of the land con-
   strued to be a license to the grantee to enter and cut the
   timber within the period of time named upon the payment of
   the consideration named, which payment is a condition
   precedent to the passing of title to the timber.

2. The intention of the parties to a written contract for the
   sale of standing timber should be gathered from the entire
   instrument without regard to the order in which the con-
   ditions, if any, occur.

A Writ of Error to the Circuit Court for Madison
County; R. H. Rowe, Referee.

Judgment affirmed.

*Chas. E. Davis,* for Plaintiff in Error;

*Wm. T. Hendry,* for Defendant in Error.

ELLIS, J.—This was an action of replevin brought by
J. S. Betts Company, a corporation, in the Circuit Court
for Madison County against A. A. Cady and W. M. Pres-
cott to recover damages for withholding from it the pos-
session of twenty-five hundred cross-ties piled at the rail-
road station at Sirmons, Florida, and alleged to have

been cut from certain described lands in Madison County. The defendants pleaded not guilty, and the issue was tried by a referee chosen by consent. The facts were agreed to by stipulation between counsel and the referee found for the plaintiff that it was entitled to the possession of 363 of the cross-ties, which were of the value of $217.80, and entered judgment against the defendant and the sureties on his bond for that amount and costs. From that judgment the defendant took a writ of error.

The stipulation entered into between counsel eliminated all questions as to the number of cross-ties and their value for which the plaintiff could recover if at all. It was agreed that A. A. Cady was not liable in the action; that Prescott cut six hundred ties from the land described under a license from Cady; that he had shipped 237 of that six hundred, leaving three hundred and sixty-three the subject of the litigation; the remainder it was agreed were cut from other lands.

That Cady claimed under a deed from the plaintiff to certain timber on the lands ;that he had made the initial payment of one thousand- dollars, but had made no other payment under the contract, and that the timber was cut promiscously over the entire tract, but the plaintiff had no actual knowledge of such fact. No protest was ever made by the plaintiff or its agents to either Prescott or Cady about the cutting of the ties, nor were they notified to cease cutting, nor to quit the premises; nor did the plaintiff re-enter upon the lands before instituting the action.

The deed under which Cady claimed was dated February, 1919. It was executed by the plaintiff to Cady and "granted, bargained, leased and conveyed" unto Cady, his

heirs and assigns, "all the timber of all sizes for sawmill purposes, standing and being" upon the lands described for a period of one year. This license or conveyance was made "under the conditions and limitations" set forth in the instrument.

The consideration was the payment of $2,268.00 by Cady to the plaintiff. One thousand dollars of which were paid upon the execution of the instrument. It was covenanted and agreed that Cady and his assigns should have the right to enter upon the lands with teams, tramroads, railroads and skidders for the purpose of cutting and removing the timber "during the continuance of this lease." That covenant was followed by an agreement that Cady should have the right to erect a sawmill on the lands during the term of the "lease." Paragraph 2 of such agreement was as follows:

"2.   The party of the second part shall not have the right to cut the timber on said land until the further payment for said timber shall have been made in the amounts following, until the full amount of the balance $1,268.00 and interest thereon shall have been paid, to-wit:

Before cutting NW¼ of SE¼ Section 33, pay $405.00
Before cutting NE¼ of SE¼ Section 33, pay   444.00
Before cutting NW¼ of SW¼ Section 34, pay   408.00
Before cutting NE¼ of SW¼ Section 34, pay  .333.00
Before cutting SW¼ of SW¼ Section 34, pay   438.00
Before cutting SE¼ of NW¼ Section 34, pay   240.00
and interest on the said six sums last above named at the rate of eight per cent. per annum.

"Provided, however, that the party of the second part may cut only one of said 'forties' without first paying said amount, but no other of said 'forties' shall be cut

except as paid for as aforesaid, until the amount of said balance of $1,268.00, with interest thereon has been paid.

"That if the party of the second part, his heirs or assigns, shall enter and begin cutting the timber upon any one 'forty' of said land before payment in full of the said respective sum and interest as aforesaid for each 'forty' so entered upon, prior to the payment in full of the said balance of $1,268.00, then this lease shall be void and all right of the party of the second part, his heirs and assigns, hereunder shall cease, and all payments theretofore made on said property shall be retained by said party of the first part, but not in satisfaction for any damages on account of the cutting of any of said timber in violation of this contract."

The deed also contained a covenant of warranty. The referee in substance held that as Cady did not pay the balance of $1,268.00, or any part of it due under the terms of the conveyance, neither he nor his assigns had any right to cut timber promiscuously from the lands.

Counsel for plaintiff in error contends that the defendant is merely liable on his covenant, or that the provision regarding payment of the remainder of the consideration $1,268.00 was a condition subsequent and the title to the timber passed to the defendant upon the delivery of the deed, and as the grantor did not re-enter for condition broken the title remained in the grantee. Therefore the plaintiff should not have prevailed.

The instrument construed in its entirety was a mere license to Cady and his assigns to enter upon the lands and cut the timber therefrom for a period of one year upon the payment of $2,268.00, according to the schedule contained in the quoted paragraph with the privilege of

cutting over only one of the six "forties" before any pay-
ment was required on the balance of $1,268.00 remaining
due after the cash payment of one thousand dollars on the
consideration.

It seems from the language of the instrument that it
was not the purpose of the grantor to convey the timber
absolutely, for the *tenendum* and *habendum* clause of the
deed provided that the grantee should have it only "for
the full period of one year from the date" of the instru-
ment.   This clause was followed by the agreement that
the timber should not be cut until the grantee paid the
consideration as therein set out.

Several times the word "lease" is used in the document
and one clause provides that the "lease" should be void
and all rights of the grantee under it should cease, if he
undertook to enter the land and cut the timber upon any
"forty" before payment in full for the timber on that
particular forty according to the schedule.   Yet the agree-
ment was not a lease because it contemplated the trans-
fer to another of the standing timber.   It was a contract
concerning an interest in land in so far as it contemplated
a sale of the standing timber.   Richbourg v. Rose, 53 Fla.
173, 44 South. Rep. 69; High v. Jasper Mfg. Co., 57 Fla.
437, 49 South. Rep. 156; Elsberry v. Sexton, 61 Fla. 162,
54 South. Rep. 592.   But it was one which secured to the
defendant the right to cut and remove the timber only
after the payment of the consideration in the manner set
out in the agreement.   The payment of the price fixed by
the contract for each "forty" was a condition precedent
to the defendant's right of entry for the purpose of remov-
ing the timber, a condition precedent to the title passing.
The consideration for the sale was the performance of
the one conditon, namely the payment of the price.

This seems to have been the intention of the parties as gathered from the whole contract, which was inexpertly drawn and contained words which were contradictory and improperly used. The rule, however, is to gather the intention from the entire instrument without regard to the order in which the conditions are arranged. See 8 R. C. L. 1098.

We think the judgment of the referee was correct. It is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.