J. W. Gibson v. B. T. Longino, *et al.*

149 So. 592.
Division B.
Opinion Filed July 20, 1933.

*H. L. Anderson* and *J. L. Blackwell,* for Appellant;

*Russell L. Frink* and *F. B. Harrell,* for Appellee.

BUFORD, J.—This was a suit in equity. The prayer of the bill was in part as follows:

"That this Court take jurisdiction of the lands described in paragraph 'I' hereof, and the timber thereon, lying in Hamilton and Madison Counties, Florida, and by its final decree in this suit adjudicate and fully determine the matters and things herein involved as to said lands and timber in each of said counties and that the final decree of this Court, if, as and when so entered, by its express terms operate, effect and bind the said lands and/or timber thereon, .lying both in Madison · County and Hamilton County, Florida."

Sub-sections "C" and "D" of the prayer contemplated a decree that would adjudicate the rights of the parties in and to the lands and the timber growing thereon specifically described and being located a part in Hamilton County and a part in Madison County, Florida, and to decree a lien upon the property to protect and enforce the rights of the complainant.

This case has heretofore been before this Court. See Gibson *et al.* v. Longino *et al.,* 142 Sou. 216, in which case order overruling demurrer to bill of complaint was sustained.

Upon going down of the mandate, answer was filed.

Motion to strike the 14th paragraph of the answer was granted and thereafter motion to vacate order sustaining motion to strike was denied, from which order appeal was taken. That paragraph challenged the jurisdiction of the court in the following language:

"Answering the fourteenth paragraph of said bill of complaint, this defendant says that this Honorable Court is

without jurisdiction to hear and determine this cause, in this, that the right or interest which the plaintiffs claim set out in their bill of complaint is a right arising from an alleged contract made and entered into between Florida Turpentine Company, a corporation, and the plaintiffs, whereby the Florida Turpentine Company is alleged to have agreed to pay to the plaintiffs or their assignors 5% of the net market value of all the naval stores manufactured by Florida Turpentine Company, and was and is the personal covenant of said Florida Turpentine Company, and not otherwise, and that the plaintiff, M. P. Jones, is attempting to maintain this suit on her behalf as a stockholder of Florida Turpentine Company, and not otherwise, and there are no allegations in the bill of complaint contained to show the right of a stockholder of Florida Turpentine Company to maintain in the name of said stockholder a suit in the interest and for the benefit of said corporation. There are no allegations in said bill of complaint to show that any effort of the plaintiff M. P. Jones was made to secure such action as she desired, on the part of the managing directors or trustees or shareholders, or any cause of her failure to obtain such action, or reasons for not making such effort. That the leasehold estate claimed and owned by this defendant is not such character of property as to entitle this Honorable Court to adjudicate the rights of the plaintiffs, if any, in this cause, but that said leasehold now held by this defendant is and at all times has been personal property, and its situs at the commencement of this suit was in Jackson County, Florida, and not otherwise, and that there is no fact alleged in the bill of complaint to warrant this Honorable Court in assuming jurisdiction of this cause by reason of the fact that the lands upon which this defendant holds a valid lease are located in Hamilton County, Florida; that neither one of the plaintiffs resides in Hamilton County,

Florida; that none of the defendants in this cause reside, or have their place of business within Hamilton County, Florida; that this defendant resides in Jackson County, Florida; that the Florida Turpentine Company had and maintained its principal office and place of business at Live Oak, Suwannee County, Florida, and not otherwise; that E. E. West Estate, Inc., is a corporation organized under the laws of the State of Florida, and having its principal place of business in Duval County, Florida, and at no other place; that the defendant Hamilton Operating Company is a Florida Corporation, and at the time of the commencement of this suit and at all times since has had its principal place of business in Madison County, Florida; that the defendant Victor H. DePass is a citizen and resident of Duval County, Florida; that the cause of action set out in the bill of complaint in favor of the plaintiffs did not arise or accrue unto the plaintiffs, or either of them, in Hamilton County, Florida, and that there is no property involved in this cause located in Hamilton County, Florida, and the defendant pleads the foregoing facts in his answer to show to the court that this Honorable Court is without jurisdiction to hear and determine this cause."

This paragraph of the answer, considered with the other paragraphs of the answer, presented no defense not elsewhere presented in the answer except that of challenge to the jurisdiction of the Court and it was not sufficient to show that the complainants were not entitled to an adjudication of their right to a lien on the real estate involved in the proceedings.

In Tampa and Jacksonville Ry. Co. v. Trammell, Governor, 70 Fla. 409, 70 Sou. 400, this Court said:

"A *bona fide* assertion of a claim for land lying in any county gives the Circuit Court sitting in that county, juris-

diction independent of the residence of the defendant, even though the claim embraces lands lying in other counties."

See also Lakeland Ideal Farm & Drainage Dist., et al., v. Mitchell, 97 Fla. 890, 122 Sou. 516, wherein it was said:

"The statutes last mentioned affect only the venue of actions. The authority of the statute to bring the action in the county of defendant's residence, or where there are two or more defendants, in the county where any of them reside, necessarily presupposes that the court in which the action is brought possesses jurisdiction of the *subject matter* of the action as well as of the parties. Those statutes do not purport to confer generally extra-territorial jurisdiction as to subject matter located in another county, nor to change existing rules with reference to the locality of actions which in their essential nature are located and therefore must be brought in a court having jurisdiction of the subject matter as well as of the parties."

There can be no question that a lease of turpentine privileges conveys an interest in real estate. See Richbourg v. Rose, 53 Fla. 173, 125 A. S. R. 1061, 12 An. Cas. 274, 44 Sou. 69; Walters v. Sheffield, 75 Fla. 505, 78 Sou. 539; Prescott v. J. S. Betts Co., 81 Fla. 538, 88 Sou. 385; Roux *et al.* v. Houk *et al.*, 101 Fla. 168, 133 Sou. 852.

Therefore, there appears to have been no error in the order striking the fourteenth paragraph of the answer. The same should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.