**W. L. DeVORE, as Trustee v. J. M. LEE, as Comptroller of the State of Florida**

30 So. (2nd) 924                                   January Term, 1947
February 28, 1947                                   En Banc
Rehearing denied June 13, 1947.

*Howell, McCarthy, Lane & Howell, Edward McCarthy* and *Edward W. Lane, Jr.,* for appellant.

*J. Tom Wilson,* Attorney General, and *T. Paine Kelly,* Assistant Attorney General, for appellee.

THOMAS, C.J.:

The Chancellor dismissed appellant's bill of complaint inasmuch as he felt that Section 210.08, Florida Statutes, 1941, and F.S.A., was applicable and that its "applicability . . . was definitely and unequivocally foreclosed in the case of Dundee Corporation v. Lee, 24 So. 2d. 234." I do not doubt that he was thoroughly justified in reaching his conclusion in the light of that decision, but, upon reflection and a close study of the legal questions here presented again, I am inclined to believe that pronouncements in the cited case should be re-examined. Before proceeding to that task it should be said that the present bill simply sought a judical declaration of the duty or liability of appellant, a trustee, with respect to documentary stamp taxes on certain short-term (two-and three-year) leases.

Turning now to the Dundee case, we seem to have blended the provisions of Sections 201.02 and 201.08, although one relates to a "tax on deeds and other instruments relating to lands, etc.," the other to a "tax on promissory notes, written obligations to pay money, assignments of wages, etc." We did unmistakably, as the Chancellor observed, hold that the lease, one for 99 years, was written obligation to pay money, but we termed the "real question in the case," the manner of computation of the tax. It was decided that the basis of taxation was the present value of 99 yearly payments, taking into account an interest rate of eight per cent.

It seems to me that the present case should not be distinguished from the Dundee case because there the lease was to continue for 99 years while the ones involved here were to run for only two or three years, for if that idea is adopted, then we pave the way for a very difficult decision later fixing the line of demarcation between a short-term lease under one decision and a long-term lease under the other. I apprehend that the law should be now established from the nature of the instrument and not from the period of its probable duration. In other words, I think, upon reflection, that such an instrument should not be classified as an obligation to pay money, as was held in the Dundee case, and that we should correct the error now if one has been made.

Section 201.08, supra, being a paragraph in Section 1 of Chapter 15787, Laws of Florida, Acts of 1931, deals with (1) notes and obligations to pay money and (2) assignments of compensation. It seems to me that there is but faint similarity between the obligation embodied in a note, promissory or nonnegotiable, to use the terminology of the act, and a covenant to pay money contained in a lease. It is true that a lease embodies an obligation to pay money, but under the rule of ejusdem generis it is not typical of those instruments primarily obligating the signatories to pay money.

A lease has been defined as " 'a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own' " and "it passes a present interest in the land for the period specified," Chandler et al v. Hart et al., 161 Cal. 405, 119 P. 516, a definition which was approved by the Supreme Court of Ohio in Brenner at al. v. Spiegle, 116 O.S. 631, 157 N.E. 491. At common law estates for years were classified as chattels real and regarded as personal property. Dabney v. Edwards, 5 Cal. 2d. 1, 103 A.L.R. 822, 53 P. 2d. 962. Of similar import was the holding in Townsend v. Boyd, 217 Penn. 386, 66 A. 1099. The Supreme Court of Indiana in Watson v. Penn, 108 Ind. 21, 8 N.E. 636, held that the part of a lease not completed was a chattel real.

An outright obligation to pay money, as contemplated in the statute, Section 201.08, and an obligation which flows

from a lease are easily distinguishable. The latter is contingent, and the undertaking to pay rent periodically ripens into a debt only as the times for payments of rent arrive. Calechman et al. v. Great Atlantic & Pacific Tea Company, 120 Conn. 265, 180 A. 450, 100 A.L.R. 302. In other words, the debt becomes fixed from time to time as the amount of rental is earned by the use of the property by the lessee. An obligation for the full amount that the lessor would eventually receive from the lessee for the occupancy of the property for the entire time mentioned in the lease would not be established merely upon the execution of the instrument, for "rent does not accrue to the lessor as a debt or claim, unless payable in advance, until the lessee has enjoyed the use of the premises. It may never become due; for the lessee may be evicted, or the premises become untenable. It is neither debitum or solvendum. It is not an existing demand, the cause of action on which depends on a contingency, but the very existence of the demand depends on a contingency. It is wholly uncertain whether the lease will ever rise to an actual debt or liability." Wilder v. Estate of Bristol, 37 Minn. 243, 33 N.W. 852.

The undertaking of a lessee to pay the rental at specified periods is no more a *written obligation to pay money* than was the contract under study in the case of Metropolis Publishing Company v. Lee, 126 Fla. 107, 170 So. 442. See also Lee v. Kenan, (C.C.A.) 78 F. 2d. 425.

The Chancellor was importuned to hold that leases were not subject to any documentary tax at all, but according to his memorandum filed with the decree he confined his observations to taxability under Section 201.08. We might dismiss the matter with a decision that such instruments were not taxable under that section, but in view of the prayer of the bill we shall go one step farther and say that they are taxable under Section 210.02 as involving an interest in land. Not only is this view sustained by some of the authorities we have already cited, but it is also bolstered by the following decisions of this court: Rogers v. Martin, 87 Fla. 204, 99 So. 551; Baker v. Clifford- Mathew Investment Company, 99 Fla. 1229; 128 So. 827; Gibson v. Longino, 111 Fla. 533, 149 So. 592.

The decree of the Chancellor should be reversed, with directions to proceed in accordance with the above views. And we recede from anything said in Dundee v. Lee to the contrary.

It is so ordered.

BUFORD, ADAMS and BARNS, JJ., concur.

TERRELL and CHAPMAN, JJ., dissent.

SEBRING, J., not participating.

ON REHEARING GRANTED

PER CURIAM:

Pursuant to rehearing granted, the Court has reconsidered the record in this cause in the light of the briefs, with the result that a majority of the Court, viz: Mr. Chief Justice THOMAS,, Mr. Chief Justice BUFORD, Mr. Justice ADAMS, and Mr. Justice BARNS, have reached the conclusion that our judgment of February 28th, 1947, should be adhered to.

However, Mr. Justice BUFORD and Mr. Justice BARNS have the view that our opinion of February 28, 1947, prepared by Mr. Justice THOMAS, should be extended to include the following observations:

Appellant's bill recited that the leases and extension of leases attached had been made and no documentary tax has been paid thereon but that the Comptroller, defendant-appellee, was attempting to exact taxes thereon pursuant to Sections 201.02 and 201.08 F.S.A. 1941 and prayed for a declaratory decree "with reference to the plaintiff's duty or liability in respect of Florida documentary stamp taxes upon the leases and upon the extension agreement and the exercise of option" since the Comptroller had adopted a policy of imposing the application of said Sections 201.02 and 201.08 (supra) to all leases and extensions thereof.

The consideration for the leases attached to the bill according to the terms therein expressed were as follows:

"WITNESSETH: That the lessor in consideration of the rental to be paid in cash and the covenants to be performed by the lessee, has leased and demised and by these presents, does lease and demise to the lessee, that certain store room, etc."

"WITNESSETH: That in consideration of the covenants hereinafter set forth said lessor has and by these presents does extend the term of that certain lease, etc., . . ."

"WITNESSETH: That the lessor in consideration of the rental to be paid in cash and the covenants to be performed by the lessee, has leased and demised and by these presents, does lease and demise to the lessee, that certain store, etc . . ."

The operative and relevant words of the exercise of the option to renew one of such leases were as follows:

". . . We hereby give due notice that we are now exercising the right, privilege and option of renewing said lease and do hereby renew the said lease for said store for the further term of two years beginning September 1st 1943, as in said lease set forth . . ."

This Court has already determined in this appeal that leases as a class come within the terms of Section 201.02 F.S.A. 1941, and said Section levies a documentary stamp tax measured by the consideration as follows:

"201.02. *Tax on Deeds and other instruments relating to lands, etc.* On deeds, instruments or writings whereby any lands, tenements or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the *consideration* therefor the tax shall be ten cents; . . ." Sec. 201.02 F.S.A.

It is an accepted statutory construction principle that laws imposing taxes should be liberally construed for the taxpayers. Section 201.02 F.S.A. imposes a tax of ten cents "on each one hundred dollars of the consideration thereof."

It appears from the terms of the leases here involved that the considerations passing to the lessors were the lease's promises *in futuro* to pay rent a future payment for a future use. Rent to be paid in the future under circumstances here is not a debt until it becomes either due or owing; and when the leases were executed no rent was either due or owing.

When taxes are to be levied according to monetary consideration, the law contemplates that such tax should be confined to considerations which have a reasonably determinable pecuniary value. The sole considerations passing to the lessors for the leases were executory promises for executory considerations. Such leases were not taxable under Sec. 201.02 F.S.A. 1941.

As a majority of the Court neither approves nor dissents from these enunciations at this time (because they do not think the present record presents ground for determination of the question therein discussed), such enunciations are not binding on this Court or the lower court.

Opinion and judgment of February 28th, 1947, is adhered to.

So ordered.

THOMAS, C.J., BUFORD, ADAMS, and BARNS, JJ., concur.

TERRELL and CHAPMAN, JJ., dissent.