103 So.2d 665 (1958)
Sadie B. OLIVER, Appellant,
v.
Anthony MERCALDI, William E. Fitzgerald and Peter C. Carmeci, Appellees.
No. 127.
District Court of Appeal of Florida. Second District.
June 11, 1958.
*666 Charles V. Silliman, Orlando, and Felder & Bettinghaus, Winter Park, for appellant.
Warrick, Icardi & LeFevre, Winter Park, for appellees.
PER CURIAM.
This is an appeal by the plaintiff below from a final decree granting her the foreclosure of a chattel mortgage but denying her the other equitable relief prayed for in her original and amended complaint.
The appellant was the owner of a small business located in a building constructed on leased premises by her assignor specifically for the purposes of the business. The appellees, Fitzgerald and Mercaldi, desired to buy the business. Since appellant's term was about to expire, she secured the lessor's consent to an extension of the term under an option contained in the lease. She executed to Fitzgerald and Mercaldi a bill of sale covering the furnishings and equipment in the building. In return, they paid part of the purchase price in cash and for the balance gave her a note secured by a chattel mortgage which contained the identical description of property covered as that in the bill of sale. Neither description referred to the lease.
The note and chattel mortgage, originally for $25,000, had been paid down to $16,250 *667 when on August 8, 1955, Fitzgerald and Mercaldi defaulted on the quarterly payment due that date. On August 12, 1955, they assigned the lease to Carmeci in consideration for cancellation of individual debts of $1,500 owed by Mercaldi and $1,000 owed by Fitzgerald, plus a cash payment of $1,000. Carmeci was fully informed that Fitzgerald and Mercaldi were in default to appellant and that she was "about to foreclose".
By her original complaint, appellant sought to reform the chattel mortgage so as to subject the lease to its lien and to foreclose the mortgage as reformed. In the alternative she sought the imposition of an equitable lien upon the lease. By amendment to the complaint, she further sought to declare the transfer to Carmeci to have been in fraud of her rights and thereby to set it aside. Upon the evidence reported by him, the Master recommended the reformation and foreclosure, but the Chancellor denied the reformation and by final decree ordered the foreclosure of the chattel mortgage as written. After the final decree, appellant moved to have action on her prayer for imposition of an equitable lien included in the decree; the motion was considered in the nature of a petition for rehearing and was denied.
By her appeal, appellant contends that the Chancellor erred in denying reformation of the chattel mortgage and she also assigns as error the denial of an equitable lien on the lease. The appellees contend that the evidence was insufficient to justify either relief and that the Chancellor was correct in ruling as he did.
Without attempting to delineate the evidence as a whole, which contained conflicts on some aspects and was rather sketchy in others, it can be said that there is a substantial showing as to only two matters. One is that at the time of the closing, appellant and her son, who was advising her, were disturbed about the failure to show the lease among the pledged property in the chattel mortgage. In response to their inquiries about this, the attorney handling the closing for Fitzgerald and Mercaldi assured them that the sale was of the business as an entity and the lease was included by necessary inference. This counsel seems to have been acceded to by an attorney who was present at the request of appellant and her son. Fitzgerald and Mercaldi denied that there was any mention of the lease or any intention to include it in the lien of the mortgage. The second showing of the evidence was as to the transfer of the lease to Carmeci as related above.
The Supreme Court of Florida has specifically recognized the mortgaging or pledging of leasehold interests in realty. Johnson v. Metzinger, 116 Fla. 262, 156 So. 681; Thalheimer Bros. v. Tischler, 55 Fla. 796, 46 So. 514, 17 L.R.A.,N.S. 841. Although the case for reformation here has some aspects of that sustained in Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242, a review of the evidence as a whole does not compel the conclusion that it was sufficiently clear and convincing to make the Chancellor in error in denying reformation of the chattel mortgage so as to include the lease within its lien.
Neither can we say it was error to disallow a decree setting aside the transfer to Carmeci as in fraud of appellant's rights. An unsecured creditor obtains no lien as to partnership property simply by virtue of being a creditor of the partnership. Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 So. 456. Instead, the creditor of a partnership must approach the firm assets either by securing a lien, by judgment or other similar proceeding, or through the equities of one of the partners. 40 Am.Jur., Partnership, Sec. 411, pp. 411-412. However, a partnership may convey in fraud of creditors in the same manner as though the property was individually owned. Partnership property, as such, has no restrictions attached to it nor, on the other hand, does it possess any advantages that would not be in common with property similarly owned by an individual. *668 Barrett & Seago, Partners and Partnerships, Ch. 5, Sec. 3.4, p. 426 and Ch. 6, Sec. 4, pp. 605-607; Burdick, Law of Partnership (3rd ed.), Ch. 3, Sec. 3, pp. 119-120; Case v. Beauregard, 99 U.S. 119, 25 L.Ed. 370. But in the instant case the evidence was insufficient to show the insolvency of the partnership or of the partners or the male fides of either the transferrors or the transferree.
We turn now to the principal question, whether there was error in denying an equitable lien. We find that included in the class of equitable liens is the vendor's lien. Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. A vendor's lien is that lien which in equity is implied to belong to a vendor for the unpaid purchase price of land sold by him where he has not taken any other lien or security for the same, beyond the personal obligation of the purchaser. Such lien is not the result of any agreement between vendor and vendee, but is simply an equity raised by the courts for the benefit of the former. Being created by inference alone, it is in effect a mere equity raised and administered by the courts, by whom it will be enforced or denied between parties, as the exigencies of each particular case may seem to require. However, every unpaid indebtedness for purchase money of real estate does not necessarily give to the grantor a vendor's lien. Johnson v. McKinnon, 45 Fla. 388, 34 So. 272. An intention to waive a vendor's lien is readily found, even by reliance placed by a vendor upon an invalid security, McKeown v. Collins, 38 Fla. 276, 21 So. 103; 92 C.J.S. Vendor & Purchaser § 411, p. 359. In the present case, because of the assurances given appellant and her son at the closing through their attorney, Fitzgerald and Mercaldi are hardly in position now equitably to claim that appellant waived her vendor's lien or for other reason to claim such lien did not exist. Hullum v. Bre-Lew Corporation, Fla. 1957, 93 So.2d 727. Although the counsel given her was seemingly concurred in by her own attorney, we feel that the circumstances of this case raise strong equities in her favor and in favor of declaring the existence of such a lien.
Our Supreme Court has noted the absence in Florida of a statute changing the common-law rule that the leasehold estate is a "chattel real" and is to be classed as personalty rather than realty, Thalheimer Bros. v. Tischler, supra, but it has also declared that the equitable doctrine of implied vendor's liens based upon equity, justice and good conscience exists in Florida, Edelson v. Quinn, 123 Fla. 670, 167 So. 535, and has recognized leases as conveying an "interest in land," DeVore v. Lee, 158 Fla. 608, 30 So.2d 924, 926. While conscious of conflicts elsewhere, 66 C.J., Vendor and Purchaser, Sec. 1103, p. 1230; 92 C.J.S. Vendor & Purchaser § 385, p. 326, we hold that the seller of a lease for a term of years is entitled to a vendor's lien for unpaid purchase monies in the same manner and on the same basis as the vendor of other legal or equitable interests in realty. Johns v. Seeley, 94 Fla. 851, 114 So. 452. The inclusion in the sale of the equipment and other chattels forms no objection to this conclusion. Edelson v. Quinn, supra. And since Carmeci is shown to have been fully aware of the various transactions between the parties, he is entitled to claim no better position than Fitzgerald and Mercaldi. Johns v. Seeley, supra. We therefore hold upon the evidence submitted that appellees' respective interests in the leasehold estate are held by them subject to a vendor's lien in appellant for the unpaid purchase price thereof and that the Chancellor should have so found.
Aside from the issues, we may observe that the record does not disclose any instrument which clearly conveyed appellant's interest in the lease to the partnership, but any inquiry upon this aspect is foreclosed by appellant's allegations in her original and amended complaint that her interest in the lease was conveyed to the partners and is now held by Carmeci.
Holding as we do that appellant was entitled to a vendor's lien upon the lease conveyed *669 to the partnership, of which Carmeci had full knowledge, the final decree is to this extent reversed and the cause remanded for further proceedings consistent herewith. In its other aspects the final decree is affirmed.
ALLEN, Acting Chief Judge, and THORNAL, CAMPBELL, and BARKER, ROGER, Associate Judges, concur.