212 So.2d 23 (1968)
Nancy E. SALES, Appellant,
v.
Robert BERZIN, Appellee.
No. 1613.
District Court of Appeal of Florida. Fourth District.
June 27, 1968.
Rehearing Denied July 12, 1968.
William John Mason, Miami, for appellant.
Donald B. Smith and William E. Kreuter of Smith, Lovett & Kreuter, Orlando, for appellee.
REED, Judge.
The plaintiff, Robert Berzin, filed suit in the circuit court in Seminole County, Florida, in or about the month of August, *24 1967, against the defendant, Nancy E. Sales, a single woman. The complaint alleged that the plaintiff had contracted to purchase from the defendant a parcel of real property situate in Seminole County, Florida, and, although the plaintiff was ready and willing to comply with the contract, the defendant violated the contract by refusing to convey the parcel to the plaintiff. The complaint concluded with a demand for a judgment which would order the defendant to convey the land to the plaintiff and, in the event of defendant's failure to comply, would effect the conveyance by operation of law.
The defendant filed motions to dismiss and for change of venue based on the theory that, the plaintiff and defendant being residents of Dade County, Florida, the proper venue is in Dade County. The trial court by order of 8 August 1967 denied the motions, and the defendant filed this interlocutory appeal from that order.
The parties have stipulated that they are both residents of Dade County, Florida, and were residents of Dade County, Florida, at the time the plaintiff's cause of action accrued and at the time of the filing of the plaintiff's complaint.
The question presented by this appeal is whether or not the plaintiff, as purchaser under a contract to buy and sell real property located in Seminole County, Florida, may bring an action for the specific performance of the contract against the defendant-vendor in the county where the land lies rather than in the county where the defendant-vendor resides.
Because defendant is a Florida resident the question is controlled by F.S. Section 47.011, F.S.A. 1967. This is the general venue statute which provides that actions shall be brought only in the county (1) where the defendant resides, or (2) where the cause of action accrued, or (3) where the property in litigation is located. This statute affords the defendant a privilege to be sued in one of the three specified locations, but does not give the defendant a right to elect which of the locations may be most convenient for him. The election of the place for the suit reposes in the plaintiff, and may not be dictated by the defendant, provided the election is properly exercised under the statute. O'Brien v. Mitchell, Fla.App. 1966, 190 So.2d 189; Peterson v. Kirk, Fla.App. 1958, 103 So.2d 656; and Board of Public Instruction v. First National Bank, 1932, 111 Fla. 4, 143 So. 738, 741, 149 So. 213.
An examination of the complaint filed in this cause shows that the primary relief sought by the plaintiff is a transfer of title to the real property in Seminole County, Florida, pursuant to a contract between the plaintiff and defendant. The demand for relief specifically demands a final judgment ordering the defendant to convey said real property under the terms and conditions of the contract and, in the event of a failure or refusal by the defendant to make such conveyance, that the conveyance take place by operation of law. (We presume by this that the plaintiff means by operation of the final judgment under F.R.C.P. 1.570, 31 F.S.A.) By such allegations the complaint clearly indicates that there is "property in litigation" in this cause; therefore, the above mentioned statute clearly confers on the plaintiff the right to place the venue in the county where such property is located.
Our holding is also supported by the "local action rule". Under the local action rule, a suit primarily seeking the transfer of title to real property was considered to be quasi in rem and was required to be brought in the county wherein the land was situated. Tampa & J. Ry. Co. v. Trammell, 1915, 70 Fla. 409, 70 So. 400; Georgia Casualty Co. v. O'Donnell, 1933, 109 Fla. 290, 147 So. 267. The local action rule apparently had its inception at a time when the process of the circuit court did not run throughout the state, but only the circuit. Lakeland Ideal Farm and Drainage Dist. v. Mitchell, 1929, 97 Fla. *25 890, 122 So. 516, 519. Although this restriction on process no longer exists, it has been held by the Florida Supreme Court that the modern venue statutes which preceded, but were similar to, F.S. Section 47.011, F.S.A. 1967, did not change the local action rule. Lakeland Ideal Farm and Drainage Dist. v. Mitchell and Georgia Caualty Co. v. O'Donnell, supra. In view of the nature of the complaint filed in this cause and the relief sought, it is our opinion that the action is local and properly brought in the county wherein the land lies.
The appellant cites and relies on the case of McMullen v. McMullen, Fla.App. 1960, 122 So.2d 626. There the plaintiff was a vendor under a contract for the sale of real property and the defendants were vendees. The suit was for payment of the purchase price by the defaulting vendee. A motion was made to change the venue to Pinellas County wherein all parties resided, although the land was located in Manatee County, the forum. It was held on appeal that the proper venue was Pinellas County, the residence of the defendants. McMullen v. McMullen is distinguishable in that the relief there sought was the payment of money. The complaint did not seek to compel a change in the title to real property. For this reason there is no "property in litigation" and the third alternative location specified in the venue statute was not available to plaintiff. Of necessity the statute required the suit to have been brought either in the county where the defendants resided or in the county where the action accrued, and, according to the opinion, these were one and the same, i.e., Pinellas.
In Morgan v. Eaton, 1910, 59 Fla. 562, 52 So. 305, it was held that suits for specific performance need not be brought in the county where the land lies. This case is distinguishable from the present case on the same ground as McMullen v. McMullen. The relief sought in Morgan v. Eaton was the payment of money and not the transfer of title to real property. The plaintiff was the vendor under the contract, not the vendee.
For the foregoing reasons, the trial court correctly denied the motions to dismiss and for change of venue.
Affirmed.
WALDEN, C.J., and McCAIN, J., concur.