**HEWITT, et al v. CURRY, et al.**

No. 74-1341-CA(L)01.

Circuit Court, Palm Beach County.

October 29, 1974.

Donald E. Brodbeck, West Palm Beach, for the plaintiffs.

Lake Lytal, Jr., West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

*Order on motion for rehearing:* Plaintiffs sued defendants in Palm Beach County. Both plaintiffs and defendants reside outside the county, the cause of action accrued outside, and there is no real property in controversy. Defendants filed a motion to dismiss or transfer on the grounds of improper venue. This motion was granted and the court transferred the case to Okeechobee County.

Plaintiffs now petition for rehearing, citing §47.191, FS, and contending that the transfer of venue should be conditional upon payment of costs accrued to date, which amount to approximately $20 for filing fees in Palm Beach County. Defendants, on the other hand, contend that this statute applies only in cases where the original case was properly filed to start with, which is not the case here. §47.011, FS, provides that "actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."

Plaintiffs' case was improperly filed in Palm Beach County and, upon defendants' motion, the case was transferred to Okeechobee County. §47.191, FS, provides that "no change of venue shall be granted except upon condition that the movant shall pay all costs that have accrued in the action."

§47.011, FS, affords the defendant a privilege to be sued in one of three specific locations, but does not give the defendant a right to elect which of the locations may be most convenient for him. The election of the place for the suit reposes in the plaintiff, within the limitations of the statute, and may not be dictated by the defendant, provided the election is properly exercised under the statute. Sales v. Berzin, (4th DCA, 1968) 212 So.2d 23. If a plaintiff files an action in the wrong county, a defendant may assert the defense of improper venue or he may make a motion to dismiss, Rule 1.140, FRCP; Rule 1.420, FRCP, or a motion to transfer, Rule 1.060, FRCP. See, also, Sales v. Berzin, supra; Merill Lynch,

Pierce, F. & S., Inc. v. National Bank of Melbourne and Trust Company, (4th DCA, 1970) 238 So.2d 665; James A. Knowles, Inc. v. Imperial Lumber Company, Inc., (2nd DCA, 1970) 238 So.2d 487.

If the court transfers the case, it should do so as provided in Rule 1.170(j), FRCP. This rule contains no provision regarding costs relative to a change of venue situation and appears, therefore, to be in conflict with §47.191, FS. Since this provision is a matter of procedure, the rules take precedence over the statute. §2(a), Article V, Fla. Const.

Furthermore, although the better practice in cases of improper venue is to transfer rather than to dismiss, Merrill Lynch, Pierce, F. & S., Inc. v. National Bank of Melbourne and Trust Company, supra, dismissal of the case is nevertheless available, and it seems reasonable that if the court is to transfer a case rather than dismiss it on the grounds of improper venue, the plaintiff and not the defendant should bear the accrued costs. Otherwise, the court would be inclined to dismiss the complaint for improper venue rather than to transfer the case.

It is thereupon ordered that the court's order heretofore entered transferring this case to Okeechobee County, with no requirement that defendants bear the accrued costs, shall stand.