Suit by W.L. DeVore, as trustee against C.M. Gay, as Comptroller of the State of Florida, for judicial declaration of the duty or liability of the plaintiff with respect to documentary stamp taxes of certain short term leases. From a decree for the defendant, plaintiff appeals.
Decree reversed with directions.
History: An appeal was heretofore had in this case and this Court reversed a final decree sustaining defendant's motion to dismiss. See De Vore v. Lee, 158 Fla. 608, 30 So.2d 924.
Upon remand the appellant amended his bill, which the appellee did not answer, and appellant filed a "motion for final decree," which was granted, which decree appellant appealed.
The appellant's motion for final decree specifically requested a decree finding, declaring and adjudging each of the several instruments described in his bill not to be subject or liable to the documentary stamp tax in any sum or amount; and, in the alternative, if the Court should be of the opinion that one, any or all of said documents or instruments is subject or liable to said documentary stamp tax, that then, and in any such case or cases, the Court may enter a decree finding and declaring the amount of the tax liability.
The final decree held that the leases were within the provisions of Section *Page 797 201.02, F.S. 1941, F.S.A., and were subject to taxation as provided by Section 201.01, F.S. 1941, F.S.A.
The consideration for the leases attached to the bill according to the terms therein expressed were as follows:
"Witnesseth: That the lessor in consideration of the rental to be paid in cash and the covenants to be performed by the lessee, has leased and demised and by these presents, does lease and demise to the lessee, that certain store room," etc.
"Witnesseth: That in consideration of the covenants hereinafter set forth said lessor has and by these presents does extend the term of that certain lease, etc. * * *."
"Witnesseth: That the lessor in consideration of the rental to be paid in cash and the covenants to be performed by the lessee, has leased and demised and by these presents, does lease and demise to the lessee, that certain store, etc., * * *."
The operative and relevant words of the exercise of the option to renew one of such leases were as follows:
"* * * we hereby give due notice that we are now exercising the right, privilege and option of renewing said lease and do hereby renew the said lease for said store for the further term of two years beginning September 1st, 1943, as in said lease set forth. * * *"
This Court has already determined in this case, De Vore v. Lee, supra, that leases as a class come within the terms of Section201.02, F.S. 1941, F.S.A., and said Section levies a documentary stamp tax measured by the consideration as follows:
"201.02. Tax on deeds and other instruments relating to lands, etc.
"On deeds, instruments, or writings, whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefor the tax shall be ten cents; * * *." Sec. 201.02, F.S.A.
It is an accepted statutory construction principle that laws imposing taxes should be liberally construed for the taxpayers. Section 201.02, F.S.A., imposed a tax of 10 cents on "each one hundred dollars * * * of the consideration therefor."
The position of the appellant is that:
"The statute (Sec. 201.02) imposes the tax upon instruments which grant, transfer or otherwise convey an interest in land to a `purchaser' for a `consideration.' Therefore, even if a lease for years be a conveyance or transfer of an interest in real estate, it is not within the purview of Section 201.02, because it is not a conveyance made to a `purchaser' for a `consideration.' The term `consideration' is used in this section of the statute in the sense of `purchase price.'
"Rent is not the purchase price or consideration for a conveyance any more than interest is the consideration paid by a borrower for money that he borrows."
It appears from the terms of the lease here involved that the considerations passing to the lessors were the lessee's promises in future to pay rent — a future payment for a future use. Under the circumstances, rent to be paid in the future is not a debt until it becomes either due or owing; and when the leases were executed no rent was either due or owing.
When taxes are to be levied according to a monetary consideration, the law contemplates that such tax should be confined to the actual monetary considerations or to considerations which have a reasonably determinable pecuniary value. The sole considerations passing to the lessors for the leases were executory considerations. Such leases were not taxable under Section 201.02, F.S. 1941, F.S.A.
The decree appealed is reversed, with directions to the Chancellor to enter an appropriate decree not inconsistent herewith.
ADAMS, C.J., and TERRELL and SEBRING, JJ., concur. *Page 798