MATHEWS, Justice.
The appellee brought suit in equity to enjoin the Sheriff of Hillsborough County from proceeding in the execution of a warrant for documentary stamp taxes under section 201.02 F.S., F.S.A., as construed by the Comptroller. Final decree was entered restraining the Sheriff as prayed for.
The facts in this case are not disputed. The deed was made by J. H. Barbee and Annie Barbee, his wife, of Tampa, Florida, to the appellee, Louise B. Reid, who was their daughter. She paid absolutely nothing for the deed and was not obligated to pay any money, or other thing of value, for the deed or the property. The execution of the deed and the delivery of the property was an absolute gift by the parents to their child.
Only questions of law raised by the pleadings were submitted to the Chancellor for his determination.
Section 201.02 F.S., F.S.A., is as follows:
“Tax on deeds and other instruments relating to lands, etc. On deeds, instruments, or writings, whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, tranferréd, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on • each one hundred dollars of the consideration therefor the tax shall be ten cents; provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of ten cents for each one hundred. dollars, or fractional part thereof, of the consideration therefor.”
The warrant involved in this case was issued by the Comptroller of the State of Florida pursuant to section 205.10 F.S., F.S.A.
• There was placed upon the deed involved a- revenue stamp of ten cents. The ap-pellee contends that the deed in question, under the facts as stated, where the only consideration was “love and affection” from parents to their daughter, is not subject to documentary stamp tax imposed by section 201.02 F.S., F.S.A. The appellant contends that he has the right to impose a tax based upon the value of the property. These contentions present the first and controlling question in this case.
 The consideration, and only consideration, shown is “love and affection.” The “love and affection” which natural parents have for their daughter cannot be given any monetary measure of value. The statute in question applies only to a monetary consideration. In De Vore v. Gay, Fla., 39 So.2d 796, in addition to discussing consideration and monetary consideration, this Court held “that laws imposing taxes should be liberally construed for the taxpayers.”
The appellants cite and quote from many federal cases, including Berry v. Kavanagh, 6 Cir., 137 F.2d 574, and Murray v. Hoey, D.C., 32 F.Supp. 1008. It appears from the federal cases cited that in order to justify the imposition of the tax, there must be a sale, and in this State, the stat *558 ute contemplates that there must be a monetary consideration. Because of a material difference in the wording of the federal and state statutes there does not appear to be any inconsistency between the holding in the federal cases , and that of De Vore v. Gay, supra.
 The words “conveyed to or vested in the purchaser,” appearing in section 201.02 F.S., F.S.A., have a particular significance insofar as the taxing power is concerned. In this case it is admitted that the daughter was not the purchaser of the property and under the terms of the statute, unless she was the purchaser, the provision imposing the tax “on each one hundred dollars of the consideration therefore the tax shall be ten cents” does not apply. The further provision of the statute, 201.02 F.S., F.S.A., “provided, that when the full amount of the consideration * * * conveyance, is not shown in the face of such deed, * * * then in such event the tax shall be at the rate of ten cents for each one hundred dollars, or fractional part thereof, of the consideration therefor”, does not apply because the daughter was not a purchaser, and further, the full and only consideration shown in the instrument was “love and affection” and such consideration is not susceptible of having a monetary value placed upon it.
We cannot substitute in the statute the words “monetary value” or “value” or “market value” for the word “consideration.” There can be no greater consideration than the natural “love and affection” of parents for their children and that consideration is entirely different from the consideration mentioned in the statute when lands are conveyed to a “purchaser.”
A second question is also presented that even if the tax could be imposed, the Comptroller had no authority to determine that a larger tax should be paid and issue his warrant to the Sheriff without notifying the appellee and giving her an opportunity to be heard.
■In view of the conclusion which we have reached that the Chancellor was correct as to the principal or main question presented for determination, it is unnecessary to pass upon the second question and we do not do so.
The final decree of the Chancellor should be, and the same is hereby, ■ affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.