362 So.2d 420 (1978)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
R.C. Dix, Sr., Appellee.
No. II-295.
District Court of Appeal of Florida, First District.
August 30, 1978.
*421 Robert L. Shevin, Atty. Gen., Edwin J. Stacker, Asst. Atty. Gen., for appellant.
Delbridge L. Gibbs, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
MILLS, Acting Chief Judge.
The issue before us is whether the assignment of a leasehold interest in real property, subject to existing mortgages, where the assignee makes the mortgage payments subsequent to the assignment, constitutes taxable consideration under the provisions of Section 201.02(1), Florida Statutes (1975), based upon the amount of the existing mortgages at the time of the assignment.
Appellee (Dix) took an assignment of leases, easements and agreements from Eastern Inns, Inc. The assignment assigned to Dix all of the interest of Eastern in a certain lease agreement. The assignment is subject to three mortgages, although there is no language in the assignment whereby Dix is to assume the indebtedness secured by the three mortgages. Since the assignment, Dix has made all payments on the mortgages. The assigned lease was between Wachovia Realty Investments, lessor, and Eastern, lessee, and was for a duration of 35 years. Under the lease, the lessee is obligated to make annual rental payments plus an additional rental payment based upon a percentage of the gross annual income. Along with the execution of the lease, the lessor extended a leasehold permanent loan to the lessee. The loan was secured by the mortgages. The lease provided that any default under the mortgages was a ground for default under the lease.
The instrument assigning the lease, easements and agreements to Dix was recorded in public records of Duval County, and no documentary stamps were attached to it. Appellant (Department of Revenue) issued a notice of proposed assessment alleging that Dix was liable for the payment of documentary stamp tax, surtax, penalty and interest in the amount of $10,515.42 pursuant to the provisions of Chapter 201, Florida Statutes. Dix brought suit under Chapter 86, Florida Statutes (1975), seeking declaratory relief from the proposed assessment. Both parties filed motions for summary judgment. The trial court entered a final summary judgment in favor of Dix. Among other things the court determined:

*422 "... that the economic burden of making mortgage payments is coextensive with the economic burden of paying rent, and that the mortgages, therefore, do not form a `reasonably determinable consideration' upon which to found a documentary stamp tax. See DeVore v. Gay, 39 So.2d 796 (Fla. 1949)."
Section 201.02(1) imposes a documentary stamp tax on instruments which convey an interest in real property to another party for consideration, which must be an actual monetary consideration, or a consideration with a reasonably determinable pecuniary value. Rule 12A-4.12(2), F.A.C., defines the term "consideration" to include a conveyance subject to mortgage debt, lien or encumbrance.
A lease is a conveyance of an interest in land within the purview of Section 201.02(1), however, leases are not ordinarily subject to documentary stamp taxes because the consideration is executory. In De Vore v. Gay, 39 So.2d 796 (1949), the Supreme Court established two rules: (1) documentary stamp taxes are limited to reasonably determinable considerations; and (2) rent is not a reasonably determinable consideration. The policy of the law is that no tax is due where the obligation to pay is contingent.
The amount of mortgage indebtedness assumed by an assignee clearly would be a reasonably determinable consideration and could support a documentary stamp tax. When there is a fee conveyance subject to a mortgage, as in Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla. 1971), there is a reasonably determinable consideration since the fee purchaser must pay the entire outstanding mortgage to protect his property. However, the assignees of leaseholds are not like fee purchasers. The assignee of a leasehold not assuming the mortgage need not pay the entire mortgage obligation to protect his leasehold. He need pay the mortgage to protect his interest only as long as his leasehold interest continues, and that interest may terminate in any of a multitude of ways. The economic burden of paying the mortgage is contingent upon continuation of the leasehold. It is executory, and therefore cannot support a documentary stamp tax.
The Department argues that it does not seek to impose tax liability upon Dix based upon the rental payments, but only upon the amounts of the existing mortgages to which the assignment was subject. However, under the facts of this case, and as stated by the trial court, the economic burden of making mortgage payments is coextensive with the economic burden of paying rent, therefore, the mortgages do not form a reasonably determinable consideration upon which to found a documentary stamp tax under Section 201.02(1).
The final summary judgment appealed is affirmed.
ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.