LARRY G. SMITH, Judge.
The Department of Revenue appeals a summary final judgment voiding the Department’s assessment of documentary stamp tax and surtax, under Sections 201-02(1) and 202.021(1), Florida Statutes (1977), on an assignment of lease received by appellees. The Department based its assessment upon its contention that the unpaid balance of certain unassumed mortgages on the leasehold property must be considered as part of the consideration paid for the assignment, and should therefore be included in computing the amount of tax. The trial judge, relying on this court’s ruling in Department of Revenue v. Dix, 362 So.2d 420 (Fla. 1st DCA 1978), determined that the amount of the unassumed mortgages could not be considered as a part of the consideration for the assignment, and *823 therefore could not be included in computing the tax. We affirm.
Appellees received an assignment from Stanley J. Harte of Harte’s interest as tenant under a shopping center lease between Harte and Alison Mortgage Investment Trust, as landlord. The lease covers land initially owned by Harte, then conveyed by warranty deed to the trust. At the time of conveyance the land was encumbered by certain mortgages securing debts incurred by Harte (and others) in connection with construction of buildings and improvements on the property. There was no assumption of the mortgage indebtedness by the trust. The warranty deed conveyed land only, expressly excepting and reserving ownership of all buildings and above ground improvements in Harte. As a part of the transaction between the trust and Harte, they entered into a lease agreement as landlord and tenant, respectively, covering both the land and the buildings and improvements. Harte thereafter assigned all of his rights and interests as tenant under the lease to appellees. Appellees did not assume the mortgages, but the assignment provides that it is “subject to” the mortgages, and the lease itself provides that any default under existing mortgages is a ground for default under the lease. Appellees have made payments on the mortgages since the assignment.
In Department of Revenue v. Dix, supra, this court held that unassumed existing mortgages on real property do not form a part of the documentary stamp tax consideration on an assignment of a leasehold interest in the property, even where the assignee makes the mortgage payments subsequent to the assignment. In the case of an assignment of a lease, where the assignee does not assume the underlying mortgage indebtedness, the amount of such mortgages is not a “reasonably determinable” consideration, and no tax is due on the mortgage amount. See DeVore v. Gay, 39 So.2d 796 (Fla.1949). Distinguishing Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla.1971), in which the tax was held applicable to a fee conveyance subject to a mortgage the Dix court stated (id. at 422):
However, the assignees of leaseholds are not like fee purchasers. The assignee of a leasehold not assuming the mortgage need not pay the entire mortgage obligation to protect his leasehold. He need pay the mortgage to protect his interest only as long as his leasehold interest continues, and that interest may terminate in any of a multitude of ways. The economic burden of paying the mortgage is contingent upon continuation of the leasehold. It is executory, and therefore cannot support a documentary stamp tax.
It is also noteworthy that here, as in the Dix case, the economic burden of making mortgage payments is “coextensive with the economic burden of paying rent,” so that the mortgages do not form a reasonably determinable consideration upon which to found a documentary stamp tax.
The Department urges that the decision in Dix is not controlling because title to the buildings, which remained in Harte under the terms of Harte’s warranty deed to the trust, was “conveyed” to appellees by means of the instruments sought to be taxed-the assignment of lease from Harte to appellees. See Kendall House Apartments, Inc. v. Department of Revenue, supra, and Florida Department of Revenue v. De Maria, 338 So.2d 838 (Fla.1976). We disagree with the Department’s interpretation of the transaction between the parties because although it is true that Harte’s warranty deed to the trust conveying title to the land excepted or excluded the buildings, the deed itself was given contemporaneously with a lease agreement between the trust and Harte in which the rights and interests of the parties with respect to the buildings were more specifically spelled out. We think it is clear from an examination of the lease that the lease, rather than the deed, controlled the disposition and use of the buildings as between the parties. The *824 lease provides that the buildings “shall be surrendered to landlord upon the expiration or earlier termination of this lease, without payment therefor by landlord.” The terms of the lease required Harte (as tenant) to make all repairs necessary to keep the buildings in good order and condition; it prohibited the removal, demolition or alteration (except minor alterations) of the buildings without consent of the trust (as landlord); and the lease required the tenant to rebuild or replace any building damaged or destroyed by fire or other casualty. The landlord was also given the right of entry of the buildings for inspection and for the purpose of repairing or rebuilding in event of the tenant’s failure to do so. In sum, without further elaboration, we find the substance or effect of the lease is virtually indistinguishable from the typical commercial lease of its kind in which the landlord is the legal title holder of both the land and the buildings.
We are obliged “to look through the mere form ... to the substance of the transaction.” River Park Joint Venture 315076 v. Dickinson, 303 So.2d 654 (Fla. 1st DCA 1974). Accordingly, we hold that the mere fact that Harte reserved ownership of the buildings in his warranty deed to the trust (for reasons which are not explained nor deemed pertinent to this proceeding), does not alter the effect of his contemporaneous lease agreement in which his ownership interest in the buildings was totally subordinated to the landlord and tenant relationship created by it. Under the lease, any default in payment of rent, or any number of other provisions, allows termination by the landlord, which in turn operates as a surrender of all buildings and improvements to the landlord. We agree with ap-pellees contention that Harte retained no interest in the buildings that would continue beyond the expiration or earlier termination of the lease. His assignment to appel-lees could convey no greater rights, and we view the document in question as an assignment of lease, just as the parties themselves described it and its wording indicates that it is.
AFFIRMED.
SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.