PER CURIAM.
The appellant, trustee in bankruptcy, filed a suit in chancery to impress an equitable *22 lien against the homestead properties of parties who had theretofore been engaged in a partnership business. A motion to dismiss, incorporated in an answer, was filed by the appellees. The court granted the motion to dismiss without leave to amend, and a final judgment was subsequently entered thereon. This appeal is from the final judgment.
The complaint alleges, in substance, that the appellees operated a business as a partnership for approximately ten years prior to July 31, 1957, and were the vners of certain real property upon which the business was located; that some time prior to September 1, 1956, the appellees, as partners, issued a financial statement and obtained credit from various creditors upon the representation that the real property where the business was located was a part of the partnership assets and would be responsible for the debts of the partnership. On September 1, 1956, the appellee-partners sold the real property on which the business was located for $29,000, and thereafter continued to operate the business at the same location under a lease agreement. The proceeds from the sale of the property were used by the partners to satisfy mortgage liens against their respective homesteads. The complaint alleges that the application by the partners of the proceeds from the sale of the partnership real property to the satisfaction of mortgage liens upon their respective homesteads was with the expressed intention of hindering, delaying and defrauding their creditors, who had, in good faith, delivered and sold merchandise and services to them upon their expressed representation that the property was an asset of the partnership. It is further averred in the complaint that on July 23, 1957, the appellee-partners filed a voluntary petition in bankruptcy. The complaint concluded with a prayer that the court enforce an equitable lien against the homestead of each of the respective partners to the extent of the sums of money used by each from the sale of the partnership lands to satisfy mortgages.
A motion to dismiss, directed to a bill of complaint, as a rule concedes, for the purpose of argument on questions of law, the truth of the allegations of the complaint which are well plead. In this instance, the question is whether or not the complaint states a cause of action. We conclude that it does not.
The Constitution of Florida, Section 1, Article X, F.S.A., provides, in substance, for the exemption from forced sale under process, of a homestead to the extent of 160 acres of land, or the half of one acre within the limits of an incorporated city or town, together with improvements thereon, owned by the head of a family residing in this state. The only exception to this exemption is from the sale of said property for taxes or assessment, or for the payment of obligations contracted for the purchase of said property or for the erection or repair of improvements on said property. There is no contention in this case that the appellant would be included within the exceptions hereinabove noted, but on the contrary, that he is entitled, as representative of the creditors of the appellee-partnership, to an equitable lien against said homestead properties.
A much similar situation existed in the case of Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 So. 456, wherein a partnership had contracted certain debts in the nature of promissory notes in payment of certain fertilizer purchases. Approximately one month after the debts due by the promissory notes had matured, the partners executed between themselves quitclaim deeds to certain real and personal property in Gadsden County, each deed showing a nominal consideration of $5. Prior to the execution of the aforesaid deeds, the Lees, as partners, were seized and possessed of the real property described in the two deeds, and were, on the date of the conveyance, insolvent Approximately 14 months after the aforesaid conveyances, the plaintiff, Bradley Fertilizer Co., obtained a judgment against the defendants as partners for a sum in excess of $700. Levy of execution was *23 attempted on the judgment and each of the defendants filed a written statement claiming the real and personal property covered hy the respective deeds to be exempt under the Constitution of Florida. Further, it was alleged that the defendants had conspired and confederated together to injure and defraud their creditors, of whom the Bradley Fertilizer Co. was one, and that they had consummated said conspiracy hy the execution of the said deeds. Upon the filing of the statements of exemption, the sheriff refused to levy and a complaint in chancery was filed, in which it was prayed that the court decree that the property sought to be levied upon was not exempt and that the sheriff proceed with the levy as provided by law. An answer was filed and the cause was heard before the court on bill and answer. The complaint was dismissed as to certain of the creditors but was sustained as to the Bradley Fertilizer Co., and a decree rendered in their favor, adjudicating that the property was not exempt from levy. It was from this decree that an appeal was. prosecuted, and, in reversing the decree of the court below and directing a dismissal of the complaint, the Supreme Court of Florida said:
“ ‘That the dissolution of a partnership or the transfer of all the property thereof to one partner, even though with a view to entitle him or both of the partners to the -privilege of the exemption laws, does not constitute a fraud upon their separate creditors or the creditors of the firm; and hence that, whenever the partnership relations cease, so that the legal title to the property is vested in the partners as tenants in common, or wholly in one as the transferee of the others, the right to hold such property as exempt from execution attaches, if it is of such a character that it might have been ex-émpt had it never been partnership assets.’ * * * We think that partners, acting in good faith, have a right to sever their joint interest in the firm property by contract of sale from one partner to the other, or by a division of the property between them, at any time before the firm creditors obtain a lien thereon, * * * and that they may thereafter successfully claim it as exempt from execution, although at the time of the severance the firm be insolvent.” [44 Fla. 787, 33 So. 459.]
The court went on to say that co-partners, whether solvent or insolvent, have the right to sever their partnership relationship prior to the acquisition of liens by creditors upon their property and, in good faith, to acquire the ownership of part or the whole thereof in severalty. The court further concluded that a party who acquires property with the intention that the law shall exempt it from his debts does not commit a fraud upon his creditors, for to do so would impute to the law an intention to work an injustice.
The complaint here nowhere charges that the sale of the partnership property was made in bad faith, but only that the failure to apply the proceeds of the sale to the payment of “valid creditors of the defendants” was with the expressed intention of hindering, delaying and defrauding creditors.
We are unaware of any law that gives a creditor as such an equitable lien upon the assets of a partnership. In Oliver v. Mercaldi, Fla.App.1958, 103 So.2d 665, at page 667, the Second District Court of Appeal said:
“Neither can we say it was error to disallow a decree setting aside the transfer to Carmeci as in fraud of appellant’s rights. An unsecured creditor obtains no lien as to partnership property simply by virtue of being a creditor of the partnership. Lee v. Bradley Fertilizer Co. [supra]. Instead, the creditor of a partnership must approach the firm assets either by securing a lien, by judgment or other similar proceeding, or through the equities of one of the partners. 40 *24 Am.Jur., Partnership, Sec. 411, pp. 411-412.”
The appellant argues strenuously that this is a typical factual situation that would lend itself to a creditor’s bill to set aside a fraudulent conveyance, and cites with approval Megdall v. Scott Corporation, Fla. 1949, 40 So.2d 139. We are in accord with the principles of this case, but are unable to see how they would be applicable. Nowhere does the complaint charge a fraudulent conveyance. Further, it does not appear that the representation contained in the financial statement, prior to September, 1956, to the effect that the property, upon which the partnership business was located, was owned by the partnership, was false. It is, however, alleged that upon the representation of the ownership credit was, in good faith, extended to the appellee-partnership. We must assume in the absence of an allegation to the contrary, that the real property upon which the business was located was, in fact, the property of the partnership and at that time stood responsible as other assets of the partnership for the payment of the partnership debts. Therefore, the complaint, in substance, charges the failure to apply proceeds from the sale of partnership realty to the payment of creditors’ claims. This in no way sets up a special equity in the creditors that would entitle them to specific liens upon the assets of the partnership which had theretofore been divided between the partners and converted into exempt property.
Accordingly, the judgment appealed from is affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.
WARREN, LAMAR, Associate Judge, dissents.