132 So.2d 761 (1961)
STATE of Florida ex rel. Charles WEINBERG, as Trustee, Relator,
v.
Honorable Ray E. GREEN, as Comptroller of the State of Florida, Respondent.
No. 40076.
Supreme Court of Florida.
July 26, 1961.
Rehearing Denied October 3, 1961.
Roland W. Granat, Miami Beach, for relator.
Richard W. Ervin, Atty. Gen., Fred M. Burns and Sid J. White, Asst. Attys. Gen., for respondent.
PER CURIAM.
August 10, 1959, Charles Weinberg entered into a purchase and sale agreement with Bro-Palm Syndicate to purchase certain lands located in Broward County, Florida. October 10, 1959, the parties to said purchase and sale agreement entered into an agreement for deed describing said lands. April 15, 1960, Bro-Palm Syndicate executed a statutory warranty deed to Charles Weinberg conveying to him the said lands described in the purchase and sale agreement for which Bro-Palm Syndicate received a promissory note from Charles Weinberg secured by a purchase money mortgage.
The purchase and sale agreement, the agreement for deed and promissory note all related to the same transaction. Weinberg affixed documentary stamps to the promissory note as required by § 201.08, Florida Statutes, F.S.A., but declined to affix documentary stamps to the agreement for deed, contending that the cited statute did not so require. Respondent demanded that documentary stamps be attached to the agreement for deed. Relator complied with respondent's demand but purchased and attached them under protest. The cost of the documentary stamps for the agreement for deed was $671. Relator, by this action in mandamus, seeks to recover that amount from respondent.
The essential contention of the relator is that the promissory note, the purchase and sale agreement and the agreement for deed constitute an integral part of one taxable transaction on which the documentary stamp tax is imposed by § 201.08, Florida Statutes, F.S.A. Under this theory relator contends that the promissory note alone bears the documentary tax.
The respondent contends on the other hand that the documentary stamp tax is imposed on the instrument rather than the transaction and being so, each of the enumerated instruments which go to make the transaction constitutes a separate, distinct obligation to pay money, consequently each *762 instrument is subject to the documentary stamp tax.
Section 201.08, Florida Statutes, F.S.A., requires the documentary stamp tax to be paid "on promissory notes, non-negotiable notes, written obligations to pay money, assignments of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be ten cents. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate."
The real point in the case is whether or not the agreement for deed is subject to the documentary stamp tax imposed by § 201.08, Florida Statutes, F.S.A.
The answer to this question turns on the interpretation of § 201.08, Florida Statutes, F.S.A. Bear in mind at the outset that § 201.08, Florida Statutes, F.S.A., is a taxing statute with a penal provision and the rule is that such statutes should be construed strictly and all doubts or ambiguities resolved in favor of the taxpayer. United States v. Isham, 17 Wall. 496, 84 U.S. 496, 21 L.Ed. 728. It cannot be sustained unless clearly within the terms of the statute. In Metropolis Publishing Co. v. Lee, 126 Fla. 107, 170 So. 442, this court committed itself to the doctrine that, absent any language to show that such statutes were intended to be all-inclusive, they would be construed ejusdem generis, that is, referring to things of the same genus or class.
Examination of the agreement for deed reveals no indicia by which it could be placed in the class with a promissory note, non-negotiable note, written obligation to pay money, assignment of salary, wages or other compensation, made, executed, delivered, sold, transferred or assigned as contemplated by § 201.08, Florida Statutes, F.S.A. Under no circumstances could the agreement for deed be construed as an "obligation to pay money," because Section 7 thereof, among other things, provides that it impose no personal liability "as against the buyer or any subsequent purchaser from the buyer, or any beneficiary for whom they may be acting, it being the understanding of the parties that the seller will look only to the land itself for payment of the balance of the purchase price."
The instrument in question does not fix a debt and promise its payment. Bro-Palm Syndicate could recover no money of the relator by merely pleading and proving this contract. The United States Circuit Court of Appeals, Fifth Circuit, held in Lee v. Kenan, 78 F.2d 425, 426, that "as a legal term, the word `obligation' originally meant a sealed bond, but it now extends to any certain written promise to pay money or do a specific thing. In statutes an obligation to pay money usually refers to a direct written promise to pay a stated sum and not to the duty to pay that may be established by proof of extrinsic facts."
Viewed in the large, the agreement for deed contains little more than a list of details for executing the purchase and sales agreement. These details are executory; they do not form the basis of an obligation to pay money within the meaning and intent of § 201.08, Florida Statutes, F.S.A., and, therefore, cannot be said to be in the same class as promissory notes, non-negotiable notes and other written obligations to pay money. Consequently, there is no theory presented whereby the documentary stamp tax can now be imposed on the agreement for deed.
For the reasons stated, we think the relator is entitled to the relief sought and that the alternative writ should be made permanent.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.
DREW, J., not participating.