THOMAS, Justice.
This litigation springs from transactions between the petitioner and prospective purchasers of lots which it offers for sale. We now describe a typical such transaction.
Petitioner’s salesman signs an instrument called “Agreement for Contract” in which there is acknowledged receipt of the first payment, there is stated the location of the tentative lot, there is specified the total purchase price and the amounts of monthly installments, and there is stipulated the guarantee of repayment during a term of six months. Simultaneously the prospective purchaser executes a “Sales Contract for Deed,” in the form of a letter which is an application to purchase. This paper is “in blank” and is completed afterward by petitioner at its office. So the designation of any lot to be involved in the purchase is .left to the discretion of the seller with the right, however, of the buyer to exchange the property for other similar property at any time before final payment.
Under the Sales Contract for Deed the purchaser is bound to meet definite installments over a fixed period beginning six months after the purchase if the buyer does not exercise his right to withdraw from the agreement, while the seller is obligated to complete certain improvements within a stated period and to convey good title at the expiration of it.
There is no provision for acceleration of the unpaid balance upon failure to make any payment but in the event of such default the seller may serve notice on the buyer that it claims a forfeiture and then retain as liquidated damages all payments made. Although the buyer can at any time prepay the unpaid balance, exercise of the privilege would not precipitate performance. Moreover, should the balance be paid before maturity the seller is required to issue a “Certificate for Deed” which is an acknowledgment of full payment, but would not affect, before the maturity date originally fixed, covenants and conditions of the Sales Contract. At the expiration of the term all improvements must have been installed and the warranty deed must then be forthcoming.
During the many years of operation pursuant to this plan and the “thousands of sales” consequently made, and despite some defaults, no attempt has ever been made, contends the seller, petitioner here, to hold a purchaser personally liable and no suit has ever been filed to enforce any of the contracts for deed. On the contrary, it has been petitioner’s position that it has had only the remedy of cancelling agreements, in case of default, and reselling the subject property. This attitude on the part of seller and the history of its operation while indicating good faith and fair dealing are not determinative of the severe legal problem facing us.
An immediate point of law presented for resolution is whether or not in construing Section 201.08, Florida Statutes, F.S.A., the rule of ejusdem generis is appropriate. The *72 petitioner complains that the District Court of Appeal as well as the trial court refused to apply it when holding that the ‘Sales Contracts for Deed’ were taxable under the section, but on the contrary lifted from the statute the term “written obligations to pay money” and judged the taxable character of the instruments by this isolated portion of the act. The controversy is now here on the contention that the decision of the District Court of Appeal, therefore, conflicts with the decisions of this court in Metropolis Publishing Co. v. Lee, 126 Fla. 107, 170 So. 442, De Vore v. Lee, 158 Fla. 608, 30 So.2d 924, and State ex rel. Weinberg v. Green, Fla., 132 So.2d 761, since the district court declined to adhere to the construction adopted in those controversies.
The petitioner also insists that the circuit court segregated in the sales contract the provision we have described — the one with reference to the consideration passing from buyer to petitioner — dubbed it a written obligation to pay money and brought the whole agreement under the operation of the statute. The petitioner says the district court approved the ruling and, furthermore, by expressly holding that the doctrine of ejusdem generis did not apply in the construction of the statute, expressed a view which clashed with the pronouncements of this court in the cited opinions.
Section 201.08 imposes a tax upon “promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state * * (Italics supplied.)
The jurisdictional problem is not too difficult for its solution .only requires a comparison of the decision of the district court with the three opinions we have cited; once that question is resolved in favor of the petitioner, the decision of the merits is relatively simple. We must determine only whether or not, to put it tersely, “Sales Contracts for Deed,” such as we have described, are, or contain, primarily an obligation to pay money. De Vore v. Lee, supra.
The circuit judge had held that the contracts were taxable when they had been in existence for six months without being rescinded inasmuch as during that period the purchaser’s promise was subject to his right to rescind.
The instrument with which we are concerned is a sort of hybrid. It seems to be the sort of transaction under the Metropolis case which does not fix an obligation to pay money until the six-month period has passed and the buyer has not indicated “after a guided tour,” that he is “not completely delighted” with his bargain. If he reports that he is not content to that degree, he may "still receive every penny of [his] money back,” to quote from the “Agreement for Contract.” When this period passes the obligation to meet deferred payments becomes fixed in the absence of such a declaration on the part of the buyer.
The District Court of Appeal observed that the appellant, petitioner here, leaned heavily upon the decision of the Supreme Court in Metropolis Publishing Co. v. Lee, supra, to support its position. In that case was involved a contract to purchase advertising for which payment was to be made as the service was performed. The district court quoted from the opinion the statement that “ ‘the agreement brought in question [did] not come within any of the foregoing documents or instruments [detailed in the section]. It [amounted] to nothing more that an executory agreement to purchase advertising space, the amount of which [was] uncertain, and no obligation to pay [arose] until the advertising [was] run * * ⅜)»
In passing we comment that the decision of the circuit court eliminating contracts rescinded within the six-month period from operation of the statute harmonizes with this view. By the same token contracts *73 that survive that period would become subj ect to the tax.
In State ex rel. Weinberg v. Green, supra, on which the petitioner also depends, a similar executory arrangement was indicated, but one that could not culminate in an obligation to pay money. This court said there was no basis of an obligation to pay money hence no theory upon which the stamp tax provided by the statute could be imposed.
The circuit court distinguished the Metropolis and Weinberg cases from the present one for the reasons that are obvious from the brief account we have given and further distinguished the Weinberg case because of the provision of the contract there scrutinized that the seller would look to the land alone for payment of the purchase price whereas in the present contract, there was a stipulation that its provisions should be binding on the heirs, representatives, successors and assigns of the parties.
Up to this point we detect no conflict justifying interference by this court, but the attitude of the District Court of Appeal towards the application of the doctrine of ejusdem generis and its view that the contracts determined by the Comptroller to be taxable “appear to come squarely within the rationale and definition set forth in Dundee Corporation v. Lee, 156 Fla. 699, 24 So.2d 234,” are likely to cause the confusion by conflict that the provision of the Constitution regarding our jurisdiction was designed to prevent. Art. V, Sec. 4(2), F.S.A. We receded from the decision of that case in De Vore v. Lee, supra. It was after distinguishing quite clearly the Weinberg and Metropolis cases from the present one, therefore, that the court turned for authority to the Dundee case. There the Supreme Court had said that the purpose of the statute was to create a “dragnet” to snare any kind of an instrument designed to secure the payment of money and frowned upon the applicability of the doctrine of ejusdem generis. In De Vore v. Lee, supra, we decided that although a lease embodied an obligation to pay money, it was not under the rule of ejusdem generis * * typical of those instruments primarily obligating the signatories to pay money.”
Even though we had receded from the decision in the Dundee case, on which the District Court of Appeal ultimately planted its conclusion in the instant one, reported in 149 So.2d at page 396, we think that court correctly disposed of this litigation by affirming the circuit court, so the petition for certiorari is denied.
DREW, C. J., and TERRELL, ROBERTS and THORNAL, TJ., concur.