296 So.2d 120 (1974)
STATE of Florida, DEPARTMENT OF REVENUE, Appellant,
v.
PETERSON OUTDOOR ADVERTISING COMPANY, Appellee.
No. U-98.
District Court of Appeal of Florida, First District.
June 25, 1974.
Robert L. Shevin, Atty. Gen., Fred M. Johnson and E. Wilson Crump, II, Asst. Attys. Gen., for appellant.
Gerald S. Livingston, Winter Park, for appellee.
RAWLS, Chief Judge.
Appellant, State of Florida Department of Revenue, brings this appeal from a final judgment rendered in a declaratory judgment action holding that the Florida documentary stamp tax as outlined in Florida Statute 201.08(1), F.S.A. is not applicable to appellee's, Peterson Outdoor Advertising Co., contracts for outdoor advertising displays.
Florida Statute 201.08(1), F.S.A.[1] provides that "[o]n promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation" there shall be a tax of fifteen cents on each one hundred dollars or part thereof of the indebtedness. The sole issue presented by this appeal is whether the contract Peterson executes with its customers for outdoor advertising space is within the meaning of Florida Statute 201.08(1), F.S.A. as a written obligation to pay money and thus subject to the tax imposed by the statute.
Peterson is in the business of constructing and leasing outdoor advertising displays. Peterson requires its prospective advertising customers to enter into a contract which obligates Peterson to provide the customer with printed outdoor advertising displays at a designated location for a specified period of time and to make changes in the displays from time to time. In exchange for this obligation the customer agrees to pay Peterson a specified amount due in monthly installments and agrees that if it fails to make the monthly payments then Peterson can consider the entire contract breached and the full *121 amount immediately due. In addition, the customer agrees that if he breaches the contract he will reimburse Peterson for any losses which include interest expense, court costs and attorneys' fees. While the contract in question obligates the customer to pay money to Peterson, this obligation is not unconditional but is dependent upon Peterson performing certain advertising services.
The Revenue Department apparently concedes that the contract in question is not a promissory note or non-negotiable note. It sole contention is that the contract is a "written obligation to pay money". We pause to note that most written contracts between parties contain a clause that requires the payment of money. Such a clause or provision is not the test for penning the taxpayer and shearing him.
It is fundamental that tax statutes are to be construed strongly in favor of the taxpayer and against the government and that all ambiguities and doubts are to be resolved in the favor of the taxpayer.[2] Unless the language of the taxing statute is all inclusive, it shall be construed by applying the doctrine of "ejusdem generis", that is by reference to things of the same genus or class.[3] The Supreme Court of this state has, on numerous occasions when construing F.S. 201.08, F.S.A., held that the statute is applicable only to commercial instruments which are of the same class as a promissory note or non-negotiable note.[4] The distinguishing characteristic of a promissory note or non-negotiable note is that it is an unconditional promise to pay.[5] The contract here in question does not contain an unconditional promise to pay. Thus under the doctrine of ejusdem generis, the applicable principles of statutory construction, and the decisions of our Supreme Court, we hold that the contract in question is not subject to the tax imposed by Florida Statute 201.08(1), F.S.A.
The judgment appealed is affirmed.
BOYER and JOHNSON, JJ., concur.
NOTES
[1] F.S. 201.08(1), F.S.A. provides as follows: "On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate.
[2] State ex rel. Independent Life & Acc. Ins. Co. v. Dickinson, 212 So.2d 293 (Fla. 1968); and Mass Bros., Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967).
[3] State ex rel. Weinberg v. Green, 132 So.2d 761 (Fla. 1961).
[4] De Vore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947); and State ex rel. Weinberg v. Green, supra; Metropolis Pub. Co. v. Lee, 126 Fla. 107, 170 So. 442 (1936).
[5] F.S. 673.104(1)(b), F.S.A. and F.S. 673.805, F.S.A.