DOWNEY, Chief Judge.
Appellant sued appellee to recover the amount due on a contract wherein appellant ■ leased to appellee an advertising billboard for one year for $4500. Under said contract appellant was required to furnish certain materials and advertising services. Appel-lee failed to make required monthly payments, and appellant sued to recover the balance due on the contract. The case was tried by the court, and at the conclusion of the trial the court entered a judgment for appellee as follows:
The court makes the following findings of fact:
1. The contract between the parties was a written obligation to pay money as described in Florida Statute 208.08 (sic) and should have had documentary stamps affixed to it. As no documentary stamps were affixed, this court is unable to enforce collection of the obligation as to do so, would be to condone a criminal act. It is therefore
ORDERED AND ADJUDGED that the plaintiff WOMETCO ENTERPRISES, INC., a Florida corporation, take nothing by this action and the defendant, JACK FRANK individually and d/b/a LEE MYLES TRANSMISSIONS go hence without day for which let execution issue.
The statutory section referred to in the final judgment as 208.08 is actually Section 201.08, Florida Statutes (1975). In pertinent part that statute requires that a documentary stamp tax be paid upon promissory notes, written obligations to pay money, assignments of salaries, wages or other compensation, and on mortgages, trust deeds, and security agreements. Failure to pay the tax constitutes a misdemeanor.
In our judgment the statute in question is simply not applicable. This contract is one requiring appellant to lease equipment and furnish services to appellee for a fixed amount. The requirement for appellee to pay is, of course, contingent upon appellant’s furnishing the equipment and services promised. It is not of the same class of commercial instruments as promissory notes, which are unconditional promises to pay money. The specific question now before us (whether Section 201.08 applies to contracts for outdoor advertising displays) was presented to the First District Court of Appeal in State v. Peterson Outdoor Advertising Company, 296 So.2d 120 (Fla. 1st DCA 1974). That court rejected the contention that such a contract is subject to the documentary stamp tax requirements of Section 201.08, saying:
Florida Statute 201.08(1), F.S.A. provides that ‘[o]n promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation’ there shall be a tax of fifteen cents on each one hundred dollars or part thereof of the indebtedness. The sole issue presented by this appeal is whether the contract Peterson executes with its customers for outdoor advertising space is within the meaning of Florida Statute 201.08(1), F.S.A. as a written obligation to pay money and thus subject to the tax imposed by the statute.
Peterson is in the business of constructing and leasing outdoor advertising displays. Peterson requires its prospective advertising customers to enter into a contract which obligates Peterson to provide the customer with printed outdoor advertising displays at a designated location for a specified period of time and to make changes in the displays from time to time. In exchange for this obligation the customer agrees to pay Peterson a specified amount due in monthly installments and agrees that if it fails to make the monthly payments then Peterson can consider the entire contract breached and the full amount immediately due. In addition, the customer agrees that if he breaches the contract he will, reimburse Peterson for any losses which include interest expense, court costs and attorneys’ fees. While the contract in question obligates the customer to pay money to Peterson, this obligation is not unconditional but is dependent upon Peterson performing certain advertising services.
The Revenue Department apparently concedes that the contract in question is *834 not a promissory note or a non-negotiable note. It (sic) sole contention is that the contract is a ‘written obligation to pay money’. We pause to note that most written contracts between parties contain a clause that requires the payment of money. Such a clause or provision is not the test for penning the taxpayer and shearing him.
* * * *
The Supreme Court of this state has, on numerous occasions when construing F.S. 201.08, F.S.A., held that the statute is applicable only to commercial instruments which are of the same class as a promissory note or non-negotiable note. The distinguishing characteristic of a promissory note or non-negotiable note is that it is an unconditional promise to pay. The contract here is question does not contain an unconditional promise to pay. Thus, under the doctrine of ejusdem gen-eris, the applicable principles of statutory construction, and the decisions of our Supreme Court, we hold that the contract in question is not subject to the tax imposed by Florida Statute 301.08(1), F.S.A. 296 So.2d at 120-121 (footnotes omitted).
We agree with the foregoing decision and conclude the trial court erred in entering a judgment contrary thereto.
Appellee contends that appellant failed to prove appellee signed the contract in question and thus appellant was precluded from recovering in any event. The record reflects that appellee filed a general denial to appellant’s complaint which alleged the contract between the parties. Appellee also alleged affirmatively that he had signed the contract as an agent of Lee Myles Transmissions and not individually. During the trial the contract was marked as “Pet # 1 subj. to proof of Frank signature.” A letter from Frank to appellant marked “Pet # 3 subj. to authenticity” contains an admission that Frank signed the contract. Also, the final judgment refers to “the contract between the parties.” We find it implausible that the trial court would have decided the case on the documentary stamp tax issue if he had found that appellant had not proven the existence of the contract. However, because we have no transcript of the trial, and because the notations on the exhibits leave some doubt as to whether the appellant proved there was a contract between the parties, we believe justice would be best served if we remanded the cause to the trial court for an express determination of that question.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court with directions to determine whether the alleged contract in question was signed by appellee Frank. The trial court is authorized to take further testimony, if such testimony is necessary to resolve that question. If the trial court finds the alleged contract was signed by Jack Frank, then judgment should be entered for appellant for the amount due thereon. If the court finds that the alleged contract was not signed by Jack Frank, then judgment should be entered for appellee.
REVERSED AND REMANDED with directions.
ANSTEAD and HERSEY, JJ., concur.