556 So.2d 1154 (1990)
DEPARTMENT OF REVENUE, STATE of FLORIDA, Appellant,
v.
SUN BANK, et al., Appellees.
No. 88-1100.
District Court of Appeal of Florida, Fifth District.
January 18, 1990.
Rehearing Denied February 19, 1990.
Robert A. Butterworth, Atty. Gen., and Vern D. Calloway, Jr., Asst. Atty. Gen., Tallahassee, for appellant.
Martha A. Hartley and Virginia B. Townes, of Akerman, Senterfitt & Eidson, Orlando, for appellees, Sun Bank, N.A., American Medical Intern., Inc., and Brookwood Health Services, Inc.
DANIEL, Chief Judge.
The Department of Revenue of the State of Florida appeals a final summary judgment in favor of the appellees Sun Bank, American Medical International, and Brookwood Health Services. The Department contends that a document executed by the appellees was subject to documentary tax and accordingly the trial court erred in entering judgment in favor of the appellees. We disagree and affirm.
*1155 In 1979, Brookwood loaned $13,000,000 to two of its subsidiaries. Documentary stamp tax and intangible tax were paid on the mortgages associated with those loans. The $13,000,000 required for the loans was obtained by Brookwood through issuance of first mortgage bonds. Brookwood executed an indenture of mortgage and deed of trust to St. Louis Union Trust Company and Sun Bank to secure the first mortgage bonds. In June 1981, Brookwood became a wholly owned subsidiary of American Medical International (AMI). In October of 1981, AMI and Brookwood executed a "First Supplemental Indenture of Mortgage and Deed of Trust" which guaranteed payment of the first mortgage bonds. No additional property was pledged or mortgaged by the first supplemental indenture. After the Department proposed to assess documentary tax on the indenture in the amount of $19,500 plus interest and penalties, the appellees filed this suit to contest the assessment.
Chapter 201 imposes an excise tax on certain documents. Section 201.08, Florida Statutes (1981), provides in part as follows:
201.08 Tax on promissory or nonnegotiable notes, written obligations to pay money, or assignments of wages or other compensation; exception. 
(1) On promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, on each $100 of the indebtedness of obligation evidenced thereby the tax shall be 15 cents on each $100 or fraction thereof. On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this state, and for each renewal of the same, on each $100 of the indebtedness or obligation evidenced thereby the tax shall be 15 cents on each $100 or fraction thereof.
On appeal, the Department contends that the first supplemental indenture of mortgage and deed of trust is a "mortgage" as defined in Florida Administrative Code Rule 12B-4.052(7) and section 697.01(1), Florida Statutes, and therefore is subject to tax under section 201.08. Rule 12B-4.052(7) and section 697.01(1) both provide that "all conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money ... shall be deemed and held mortgages ..."
Although entitled an indenture of mortgage and deed of trust, the document is merely an agreement whereby AMI agrees to guarantee payment in the event Brookwood defaults on the first mortgage bonds. In State, Department of Revenue v. Bonard Enterprises, Inc., 515 So.2d 358 (Fla. 2d DCA 1987), review denied, 523 So.2d 576 (Fla. 1988), the second district held that an agreement to assume a mortgage was not subject to documentary stamp tax under section 201.08, Florida Statutes (1985), where there had been no release of the original mortgagor. The court explained that there remained a single written obligation to pay that was not increased and the assumption merely operated as additional security for the payment of the obligation. Likewise, the agreement here did not release Brookwood from liability on the first mortgage bonds but instead merely provided additional security for payment of the obligation.
Furthermore, the liability of AMI is contingent upon the default of Brookwood, that is, the agreement is a mere guarantee of payment of the bonds. A contract of guarantee is the promise to answer for the payment of some debt or the performance of some obligation by another on the default of that third person. Brunswick Corporation v. Creel, 471 So.2d 617 (Fla. 5th DCA 1985). The liability of the guarantor is secondary and is fixed only by the happening of the prescribed condition. In other words, a guarantor enters into a cumulative collateral agreement by which he agrees that his principal is able to, and will perform, a contract which the principal has made, or is about to make, and that if he defaults the guarantor will, on being notified, pay the resulting damages. A & T Motors, Inc. v. Roemelmeyer, 158 So.2d 567 (Fla. 3d DCA 1963). The courts have *1156 held that documentary tax is not due on contingent or conditional obligations to pay. See Wometco Enterprises, Inc. v. Frank, 382 So.2d 832 (Fla. 4th DCA 1980) (contract for outdoor advertising displays in which payment was conditioned on receiving equipment and services was not subject to tax); Department of Revenue v. Dix, 362 So.2d 420 (Fla. 1st DCA 1978), review denied, 370 So.2d 458 (Fla. 1979) (no taxable event where assignee of leasehold subject to existing mortgages had to pay mortgages only as long as his leasehold interest continued). Since the first supplemental indenture and deed of trust is merely a guarantee of payment, it is not subject to tax under section 201.08.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.