COPE, Judge.
This is an appeal of a summary final judgment denying a refund for the payment of intangible personal property tax. We reverse.
The question before us is whether section 199.133, Florida Statutes (1989), applies to an unconditional guaranty which is secured by a mortgage on real property located in this state. We conclude that it does not.
The instant litigation involves two guaranties given in two separate lending transactions. On November 6, 1989 First Union National Bank of Florida lent $38,500,000 to Croixland Properties Limited Partnership. In connection with that loan appellant Southwest Florida Enterprises, Inc. (“SWFE”) executed a guaranty. The Croixland guaranty was secured by a mortgage on real estate located in Dade County, Florida, owned by appellant West Flagler Associates, Ltd., a Florida limited partnership.[1] When the mortgage was recorded, West Flagler paid intangible personal property tax under section 199.133, Florida Statutes (1989), in the amount of $31,570.
On November 7, 1989 First Union lent $18,000,000 to Corpus Christi Greyhound Racing Associates, a Texas general partnership. In connection with that transaction, SWFE executed a guaranty of the note. The Corpus Christi Guaranty was secured by a mortgage on real estate located in Dade County, Florida, and owned by West Flagler. When the mortgage was recorded, West Fla-gler paid intangible personal property tax under section 199.133, Florida Statutes (1989), in the amount of $17,640.
Appellants (collectively “West Flagler”) brought suit for a refund, contending that these guaranties are not within the scope of section 199.133. The trial court entered summary judgment in favor of appellee Florida Department of Revenue. This appeal follows.
Subsection 199.133(1), Florida Statutes (1989), provides:
A one-time nonrecurring tax of 2 mills is hereby imposed on each dollar of the just valuation of all notes, bonds, and other obligations for payment of money which are secured by mortgage, deed of trust, or other lien upon real property situated in this state.
(Emphasis added).
The parties agree that the phrase “other obligations for payment of money” means a non-contingent promise to pay an actual debt. Comparable language in section 201.-08, Florida Statutes, has been so construed. See Maas Bros., Inc. v. Dickinson, 195 So.2d 193 (Fla.1967); DeVore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947); Metropolis Pub. Co. v. Lee, 126 Fla. 107, 170 So. 442 (1936); Wometco Enter. Inc. v. Frank, 382 So.2d 832 (Fla. 4th DCA 1980); State Dep’t of Revenue v. Peterson Outdoor Advertising Co., 296 So.2d 120, 121 (Fla. 1st DCA 1974).
In the present case the instruments before us are two absolute guaranties. “One who undertakes an absolute guarantee of payment by another becomes liable immediately upon default in payment by the other.” Anderson v. Trade Winds Enter. Corp., 241 So.2d 174, 177 (Fla. 4th DCA 1970), cert. *557 denied, 244 So.2d 432 (Fla.1971); see also Scott v. City of Tampa, 158 Fla. 712, 30 So.2d 300, 302, cert. denied, 332 U.S. 790, 68 S.Ct. 99, 92 L.Ed. 372 (1947); Department of Revenue, State of Florida v. Sun Bank, 556 So.2d 1154, 1155-56 (Fla. 5th DCA 1990); Luckey v. Thornton, 171 So.2d 410, 411 (Fla. 3d DCA 1965); A & T Motors, Inc. v. Roemelmeyer, 158 So.2d 567, 570 (Fla. 3d DCA 1963); 28 Fla.Jur.2d, Guaranty and Suretyship § 11 (1981). The liability of the guarantor is secondary, and comes into existence upon default by the maker of the note. The liability here is contingent on default of the maker of the note, and does not constitute an unqualified promise to pay the note. ■ “From its face money may or may not become due under it.” Metropolis Pub. Co. v. Lee, 126 Fla. at 112-113, 170 So. at 444. That being so, the two guaranties here at issue are not within the scope of section 199.133, Florida Statutes (1989).
The summary judgment is reversed and the cause remanded with directions to enter judgment in favor of appellants.

. The general partners of West Flagler are appellants SWFE, IHA, Inc., BHH, Inc., and Hecht Investments, Ltd. Appellant Hecht Investments, Inc. is the general partner of Hecht Investments, Ltd.