884 So.2d 1100 (2004)
FLORIDA DEPARTMENT OF REVENUE, Appellant,
v.
WINN-DIXIE STORES, INC., et al., Appellees.
No. 5D03-3457.
District Court of Appeal of Florida, Fifth District.
October 22, 2004.
Charles J. Crist, Jr., Attorney General, Jarrell L. Murchison and R. Lynn Lovejoy, Assistant Attorneys General, Tallahassee, for Appellant.
Katherine E. Giddings and James E. Joanos of Akerman Senterfitt, Tallahassee, for Appellees.
TORPY, J.
In this documentary tax dispute, the Florida Department of Revenue ("DOR") asserts that the trial court erred in granting summary judgment wherein it concluded that a lease for computer equipment was not subject to documentary stamp taxes pursuant to section 201.08, Florida Statutes (2004). The DOR asserts that, pursuant to the statute and DOR's administrative rules interpreting the statute, *1101 taxes were appropriately assessed on the lease because it constitutes an "unconditional obligation to pay money." We disagree and affirm.
Several years prior to the commencement of this action, Appellees, Computer Leasing Company of Michigan ("Lessor") and Winn-Dixie Stores, Inc. ("Lessee") entered into a "Master Lease" for computer equipment. The Master Lease did not describe the specific equipment or the rental amounts. Instead, it contemplated that equipment would be leased from time to time and described in schedules which would become part of the lease. Paragraph 1 of the lease provides in pertinent part:
Lessor, by its acceptance hereof at its home office, agrees to lease to Lessee, and Lessee agrees to lease from Lessor, in accordance with the terms and conditions herein, the equipment and features, together with all replacements, parts, repairs, additions, attachments and accessories incorporated therein (collectively called the "Equipment" and individually called a "Leased Item") described in each executed Equipment Schedule.
In paragraph 3 of the Master Lease, Lessee agreed, upon acceptance of a particular leased item, to execute a Certificate of Acceptance in which Lessee "unconditionally" accepted each item. In capital letters in this paragraph, the Master Lease provides:
LESSOR SHALL HAVE NO LIABILITY TO LESSEE FOR ANY CLAIM, LOSS OR DAMAGE CAUSED OR ALLEGED TO BE CAUSED DIRECTLY, INDIRECTLY, INCIDENTALLY OR CONSEQUENTIALLY BY THE EQUIPMENT, BY ANY INADEQUACY THEREOF OR DEFICIENCY OR DEFECT THEREIN, BY ANY INCIDENT WHATSOEVER IN CONNECTION THEREWITH, ARISING IN STRICT LIABILITY, NEGLIGENCE OR OTHERWISE, OR IN ANY WAY RELATED TO OR ARISING OUT OF THIS AGREEMENT. LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OF ANY KIND, INCLUDING THOSE OF MERCHANTABILITY, DURABILITY AND FITNESS FOR A PARTICULAR PURPOSE OR USE WITH RESPECT TO THE EQUIPMENT AND EXPRESSLY DISCLAIMS THE SAME.
The document further states that the "Master Lease is a net lease" and that the rights of Lessor or its assignee in the rent "are absolute and unconditional and are not subject to any abatement, reduction, setoff, defense, counterclaim or recoupment due or alleged to be due to, or by reason of, any past, present or future claims which Lessee may have against Lessor, Assignee ... or ... any person for any reason whatsoever."
Other clauses in the lease impose on the Lessee the risk of loss of the equipment, the obligation to maintain and repair the equipment, and require the Lessee to return the equipment in good working condition at the conclusion of the rental period.[1] As to the Lessor, the lease imposes only two express obligations: (1) to furnish the equipment, and (2) to not "interfere with lessee's right of quiet enjoyment and use of the equipment."
Over the course of several years, various items of computer related equipment were leased through the procedure described in *1102 the Master Lease. The instant dispute arose when Appellees filed an action in the year 2000 challenging documentary tax assessments made by the DOR on equipment leased during the tax years 1992 through 1996.
We begin our analysis by discussion of the applicable statute. Section 201.08 provides that a documentary stamp tax shall be imposed on "promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation...." (emphasis added). Interpreted literally, this statute would apply to any executory contract wherein one party promises to pay money as consideration. However, decisional interpretation and the DOR's own rules have recognized that the phrase "written obligations to pay money" only applies to those types of written obligations that are similar to notes, wherein the obligation to pay money is "unconditional." See Wometco Enter., Inc. v. Frank, 382 So.2d 832 (Fla. 4th DCA 1980); State, Dep't of Revenue v. Peterson Outdoor Adver. Co., 296 So.2d 120 (Fla. 1st DCA 1974).
Here, although the lease shifts all responsibility for the condition, suitability and performance of the equipment to the Lessee, two significant conditions precedent to payment are manifest. First, the Lessor has the obligation to furnish the equipment at the outset. Second, and no less significant, even after acceptance of the equipment, the Lessor must permit the continued, quiet enjoyment of Lessor's equipment throughout the lease term. The nonperformance of either condition would relieve the Lessee of its obligation to pay. Thus, the agreement is unlike a note wherein the consideration for payment has been fully provided and payment is truly unconditional. See DeVore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947) (rent is not an unconditional obligation until it accrues through enjoyment of the property; lease not subject to documentary tax).
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] The DOR concedes that this lease is not a disguised financing/sale arrangement wherein the lessee has the option to purchase the equipment at the conclusion of the lease for nominal consideration.